THOMAS STOUT, plaintiff in error, *v.* WILLIAM McADAMS, defendant in error.

*Error to Fayette.*

There can be no doubt that every flowing back, or throwing water upon the land of another, is such an act as entitles the individual injured to his action; and although the act of the one person may be in itself lawful, yet, if in its consequences it necessarily damages the property of another, the party occasioning the damage is liable to make reparation commensurate with the injury he has caused.

He who first occupies a site and constructs a mill and dam upon a stream, does not thereby acquire any right whatever to overflow the land of his neighbor, whether his neighbor has a mill or not.

Irrelevant and inapplicable instructions ought not to be given, as they are calculated to mislead a jury.

THIS was an *action on the case*, brought by the plaintiff in the Bond Circuit Court, and removed by change of venue to the Fayette Circuit Court.

The declaration sets forth that the plaintiff was possessed, as of his own right, of a certain tract of land in Bond county, on which he had erected a mill, and that the defendant erected and kept up a mill and dam below plaintiff's mill, thereby causing the water to overflow and flood plaintiff's mill, to his damage, &c.

The defendant pleaded not guilty.

The cause was tried at the October term, 1837, before the Hon. Sidney Breese and a jury, and judgment rendered for the defendant.

The cause was brought to this Court by writ of error.

F. FORMAN and J. SEMPLE, for the plaintiff in error, cited 10 Johns. 241 ; 17 Johns. 307 ; 15 Johns. 213 ; 2 Stark. Ev. 910, note *a;* 6 East, 213, 208.

(1) R. L. 312–13; Gale's Stat. 314.

A. Cowles, J. B. White, and H. Eddy, for the defendant in error, cited 17 Johns. 306 ; 15 Johns.; 3 Johns. 282 ; 17 Mass. 289, 296.

Wilson, Chief Justice, delivered the opinion of the Court :

The plaintiff below alleges that he is the owner of a mill on Shoal creek, and that the defendant has erected a dam on the same creek, below his mill, and thereby flooded and overflowed his mill, so as greatly to damage it. The defendant pleaded the general issue. Several exceptions are taken to the opinion of the Court on the trial below. The first exception relates to the decision of the Court in admitting the title deeds of the defendant to be read in evidence, and rejecting those of the plaintiff. It does not clearly appear from the bill of exceptions upon what grounds the Court refused to permit the plaintiff to give in evidence his title to the land on which his mill was erected ; but as possession is sufficient to entitle the plaintiff to maintain his action, and as the correctness or incorrectness of the rejection of his title papers cannot be determined from the facts disclosed, we give no opinion on this point.

The instructions which the Court gave to the jury, and its refusal to give such as were asked for by the counsel for the plaintiff, are also assigned for error. The instructions asked for by the plaintiff were, " That if the jury believed from the testimony, that the water from the defendant's mill dam flooded the wheel of the plaintiff, they are bound to find for the plaintiff, the amount of damages proved to have been sustained by him ; and that it is immaterial in this case which party commenced work or finished his mill first, unless they further believe that the defendant had a right, by prescription or otherwise, to flood the water as aforesaid." This instruction the Court refused to give, but instructed the jury, " That he who first occupies the site and constructs a mill and dam, will be entitled to the use of as much water as will turn his wheels, if the privilege will afford it, notwithstanding he may, by such occupation, render useless the privilege of another, either above or below him, upon the same stream ; " and further, " That upon legal principles every person has an equal right to the use of the water flowing through his land, and to use it in a reasonable manner only ; and if they shall believe from the evidence, that the defendant used the water in an unreasonable manner, and the plaintiff is injured by it, then the plaintiff is entitled to such damages as he may have proved ; but that the law does not afford a remedy for every trifling inconvenience which another may be put to, by the reasonable exercise of one's own right." The Court also instructed the jury, " That if they believe from the evidence that the plaintiff could raise his wheels, so as to avoid the injury occasioned by the back water, and still employ his head water to every advantage, that they will find for the defendant ; or if the defend-

ant could use his privilege to every advantage by lowering his dam or wheel, so as to lessen or prevent the back water, then for the plaintiff."

The Court erred in refusing the instructions asked for, and also in those which it gave.

There is nothing in the instructions asked for by the plaintiff, that the defendant can object to ; they were pertinent to the case, and such as the plaintiff had a legal right to require of the Court. There can be no doubt that every flowing back, or throwing water upon the land of another, is such an act as entitles the individual injured to his action ; and although the act of the one person may be in itself lawful, yet, if in its consequences it necessarily damages the property of another, the party occasioning the damage is liable to make reparation commensurate to the injury he has caused ; as when one man builds his house so close to another's land, as to throw the water from the roof of his house upon the land of his neighbor. In this case, the erection of the house was lawful in itself, but became unlawful by reason of the injury resulting to another. Upon the same principle, although the erection of the dam of the defendant was not unlawful *per se,* yet, as in its consequences it abridged the rights and damaged the property of the plaintiff, the defendant is responsible to him for the consequences.

Most of the instructions which the Court gave are inapplicable to the case, but so far as they do apply, they are wrong. The judge said that " He who first occupies the site, and completes a mill and dam," &c. This is incorrect. By building a mill dam one does not acquire any right whatever to overflow the land of his neighbor, whether his neighbor has a mill or not. Every one must so use his own property as not to injure another.

The remainder of the instructions we consider as entirely irrelevant and inapplicable to the case on trial, and consequently ought not to have been given, as they were calculated to mislead the jury. The judgment of the Circuit Court is therefore reversed with costs, and the case remanded to be retried in conformity with this opinion.

*Judgment reversed.*