### No. 2,611.

MENDELSOHN AND COLEMAN, RESPONDENTS, v. THE ANAHEIM LIGHTER CO., APPELLANTS.

VERDICT.—UNCERTAINTY.—The verdict of a jury which finds the plaintiff to be entitled to a certain amount of money, is not void for uncertainty, it is equivalent to saying that they find the issues in favor of the plaintiff and assess his damages at that sum.

PRACTICE.—NEW TRIAL.—SURPRISE.—Surprise resulting from an amendment to the complaint, during the progress of the trial, in the presence of defendant's attorneys, is not a sufficient ground for granting a new trial.

PRACTICE.—DAMAGES.—COMMON CARRIER.—A common carrier is liable to punitive damages, for a gross, wilful and tortuous breach of the duty injoined upon him, by law as a common carrier for lien.

DAMAGES.—PRINCIPAL AND AGENT.—A principal is liable for the actual damage caused by the act of his agent done in the usual course of his employment—but is not responsible for wanton and malicious damage, done by the agent without the consent, approval, or subsequent ratification of the principal.

PRACTICE.—INSTRUCTION.—It is error in the Court to give an instruction where there is no evidence to support it.

APPEAL from the District Court of the Seventeenth District, County of Los Angeles

Action for damages against defendants for failure to deliver certain lumber received by it from vessels lying in the harbor of Anaheim landing, Los Angeles County, which defendant agreed to carry from said vessels to land, and deliver to plaintiff within a reasonable time.

Plaintiff alleges that a part of said lumber was rafted from one of said vessels, and allowed to remain in the water for a period of three weeks, by which it was greatly damaged, and nearly ruined, and that another portion of said lumber was not delivered at all; by reason of which they claimed to be damaged in the sum of twelve thousand dollars.

Judgment was rendered for the plaintiff's for twenty-five hundred dollars damages; defendant moved for a new trial, which was denied by the Court, and defendant appealed from the judgment and from the order denying the motion for a new trial.

*Glassel, Chapman* and *Smith,* for Appellant.

*First*—The verdict is too defective to support a judgment.

It does not find the matter at issue either one way or the other. In giving a general verdict the jury are required by the Practice Act to pronounce upon the issues either in favor of the plaintiff or defendant. The general form of such a verdict (for the plaintiff), is, in effect, a finding that the material allegations of the complaint are true, and that the plaintiff has suffered damage in a specified sum, *on account of the injuries alleged in the complaint.* (Prac. Act, Secs. 174, 176; *Patterson* v. *United States*, 2 Wheat. 221; *Ross* v. *Austile*, 2 Cal. 183–6; *Woodson* v. *McCune*, 17 Cal. 298; *Barnes* v. *Williams*, 11 Wheat. 415.)

*Second*—There was an abuse of discretion by the Court, in permitting an amendment to the complaint, after the jury was empanneled, by which the defendant was prevented from having a fair trial.

*Third*—A new trial should have been granted, on the third ground alleged, viz : accident and surprise, against which ordinary prudence could not have guarded. (Prac. Act, Sec. 195, and cases cited.)

As to liability of principal for acts of agent, see Sedgwick on the Measure of Damages, pages 537, 467, note; *Wardrobe* v. *Cal. Stage Co.* (7 Cal. 118); *The Amiable Nancy*, (3 Wheat. 546.) There were no grounds to charge the defendant with malice. The only evidence upon the subject referred exclusively to the defendant's agent, and did not in any way implicate the defendant.

Punitive damages cannot be given against a principal for malice on the part of his agent. (*Wardrobe* v. *Cal. Stage Co.*, 7 Cal. 118; *The Amiable Nancy*, 3 Wheat. 546; *Hill* v. *N. O. and Opelousas and Great Western R. R.*, 11 Louisiana, 292; *Borland* v. *Calhoun*, 13 Id. 445; *Milwaukee & Mississippi R.R. Co.* v. *Finney*, 10 Wisconsin, 388.) Both the rule as to the principal's liability, and its limitation is given by the maxim: "*Qui facit per alium facit per se.*"

A principal is not liable "for the unauthorized, the wilful, or the malicious act, or trespass of his agent." (Story on Agency, Sec. 456, *et seq.*; *McManus* v. *Crichett*, 1 East. 106; *Middleton* v. *Fowler*, Salk. 282; *Wright* v. *Wilcox*, 19

Wend. 343; *Richmond Turnpike Co.* v. *Vanderbilt*, 1 Hill, 480; [S. C.] 2 Coms. 479; *Hibbard* v. *New York & Erie R.R. Company*, 15 N. Y. 455; Dunlap's Paley's Agency, 303.)

But in no event would it be proper to give punitive damages in a case like this. No case of mere breach of contract can be found, in which such damages have been given. (See authorities above cited.) The distinction between breaches of contract and torts does not rest upon the forms of action at common law, but upon the nature of things. It exists under the Practice Act, as it does under the common law system of pleading. (Practice Act, Sec. 64.) To abolish the distinction made between the two classes of cases, in reference to the measure of damages, would be to introduce a most startling innovation into our law—contrary to the modern tendency of the Courts, which is to restrain rather than to enlarge the application of the rule. ( 3 Parsons on Cont. 173.)

*Thom & Ross,* for Respondents.

*First*—The objection that the verdict is too defective to support a judgment, has no foundation in law or fact. The verdict directly decides the matters at issue; plaintiffs claim that they are entitled to recover of defendants a certain amount of money as damages. The only question before the jury was as to the amount the plaintiffs were entitled to recover, if any. The verdict decides that question; it finds that plaintiffs are entitled to recover of defendants, the sum of twenty-five hundred dollars. This was all the jury was called upon to decide.

The rule is, that where there is enough in the verdict to ascertain the intention of the jury, the Court will give effect to it. (*Truebody* v. *Jacobson*, 2 Cal. 269; *Wilson* v. *Truebody*, Oct. T. 1863; *Perkins* v. *Wilson*, 3 Cal. 139–140.)

Another and sufficient answer is, that the defendants made no objection to the form of the verdict in the Court below.

*Second*—There was no abuse of discretion by the Court in permitting plaintiffs to amend their complaint.

We need scarcely refer this Court to its numerous decisions declaring that the Court below has power to grant amendments, whenever, at any stage of the trial, they are necessary to the purposes of justice, and that this power should be liberally exercised. (*Lestrade* v. *Banto*, 17 Cal. 285; *Peterson* v. *Fops*, 16 Cal. 357; *Valencia* v. *Caich*, 32 Cal. 339; *Gavite* v. *Dereb*, 23 Cal. 78.) .

A new trial on the ground of surprise will not be granted unless it clearly appears that the verdict is mainly attributable to the facts out of which the surprise resulted, or that the surprise has not resulted from the fault or negligence of the moving party. (*Schellhous* v. *Ball*, 29 Cal. 605; *Klockenbaum* v. *Pierson*, 22 Cal. 160; *Patterson* v. *Ely*, 19 Cal. 28; *Williams* v. *Price*, 11 Cal. 213; *Howe* v. *Briggs*, 17 Cal. 385.)

CROCKETT, J., delivered the opinion of the Court, TEMPLE, J., WALLACE, J., and RHODES, C. J., concurring:

The verdict in this case was not void for uncertainty. The only office of the verdict is to express, in clear and intelligible language, the result at which the jury has arrived; and when the jury in this case said in their verdict that they found the plaintiffs to be "entitled to the sum of $2,500," it was equivalent to saying that they found the issues in favor of the plaintiffs, and assessed the damages at that sum. The verdict admits of no other rational interpretation. Nor did the Court err in denying the defendant's motion for a new trial, so far as it was founded on the ground of surprise resulting from the amendment of the complaint. The attorneys in a cause must be held to have had notice of the proceedings therein, which occurred in their presence, in open Court, during the progress of the trial. Any other rule would lead to perjury and fraud. Of course nothing of the kind is imputed to the respectable attorneys in this cause; but the rule for which they contend would be most pernicious in practice and should not be tolerated. On the conclusion of the testimony, the Court, on the request of the plaintiffs, charged the jury, in sub-

stance, that if the damage to the lumber was wantonly and maliciously caused by the defendant, the jury might give punitive damages; and refused to give an instruction asked by the defendant, embodying the converse of this proposition; and this ruling is assigned as error on two grounds, to wit: first, that there was no evidence tending to show any wanton or malicious conduct on the part of the defendant, and that the defendant is not liable for punitive damages for the wanton and malicious acts of his servants and agents, done without his consent or privity; second, that the rule of damages is not correctly stated in the instructions given. If the rule be, as claimed by defendant, that punitive damages are not allowable in actions founded solely on contract, this case does not come within the rule, the action being founded partly on the contract made with the defendant, but chiefly on an alleged breach of its duty as a common carrier for hire; and no one, I apprehend, will maintain that a common carrier is in no case liable to punitive damages for a wanton, malicious and tortuous breach of his duty. If the proprietor of a stage coach should wantonly and maliciously overturn it, with the intent to kill or inflict bodily injury upon a passenger, it is too plain for argument that in an action by the passenger the jury might give punitive damages. In like manner, if a family picture, having no appreciable market value, be delivered to a common carrier to be transported for hire, and if he wantonly destroy it, it is plain the damages would not be confined to the mere money value of the picture. In such cases the carrier would not only be guilty of a violation of the contract, but of a gross, wilful and tortuous breach of a duty enjoined upon him by law, for which he would be liable to punitive damages. If, therefore, there was any evidence in the cause to authorize this instruction, it was properly given by the Court. But whilst there was evidence tending to show that the damages to the lumber was caused by the malicious and wanton acts of the agents and servants of the defendant, I discover nothing in the record tending to prove that the defendant authorized or

consented to the malicious conduct of its agents and servants, or approved it afterwards; and it is well settled that though the principal is liable for the actual damage caused by the act of his agent done in the usual course of his employment, he is not responsible for wanton and malicious damage done by the agent without the consent, approval or subsequent ratification of the principal. In the case of *Turner* v. *The N. B. and M. R. R. Co.* (34 Cal. 594), we had occasion carefully to consider this question, and announced the rule to be as above stated, and have re-affirmed it in the case of *Wade* v. *Thayer* (decided at the present term). I am, therefore, of opinion that the Court erred in giving the fifth instruction requested by the plaintiff, there having been no evidence to support it. As the judgment must be reversed for this cause, I deem it unnecessary to notice the other errors assigned.

Judgment reversed and cause remanded for a new trial.