187 P.2d 971

CHANDLER v. DRAINAGE DIST. NO. 2 OF BOUNDARY COUNTY et al.

No. 7374.

Supreme Court of Idaho.

Dec. 18, 1947.

W. F. McNaughton and H. S. Sanderson, both of Coeur d'Alene, and Bandelin & Bandelin, of Sandpoint, for appellant.

Everett E. Hunt, of Sandpoint, for respondents.

HYATT, Justice.

Appellant brought this action to recover damages for injuries to crops growing on his lands situate along Fry Creek, alleging in substance that respondents wrongfully, negligently, and contrary to plans adopted by the District for dikes and drains, which included accelerating the flow of said Creek without other interference therewith, built and maintained a dam in, and thereby obstructed the channel of, said Creek, causing the waters thereof during the run-off season to seep into and overflow said lands and destroy said crops.

Respondents demurred to the complaint upon both general and special grounds which are hereinafter referred to. The trial court found the demurrer well taken, sustained the same without specifying the grounds upon which he ruled, and granted appellant 30 days to amend. Appellant advised the court that he desired to stand upon his complaint without amendment, whereupon a judgment of dismissal, reciting that plaintiff's complaint failed to state a cause of action, was entered.

■ This appeal is from the judgment, with the ruling on the demurrer assigned as error. We therefore have to examine all the grounds of the demurrer to see if any are well taken, even though the trial court by the judgment of dismissal indicated the ground for sustaining the demurrer. We are concerned with the judgment and the order ruling on the demurrer, not the grounds upon which the ruling was made. Telfer v. School Dist. No. 31, 50 Idaho 274, at page 279, 295 P. 632. In Fortner v. Cornell, 66 Idaho 512, 163 P.2d 299, 303, this court said:

"We have therefore concluded the rule as announced in Gagnon v. St. Maries Light [& Power] Co., Ltd., supra, 26 Idaho [87], at page 91, 141 P. [88], at page 90, and reasserted in one form or another in the above cases, urged by respondent, namely, that 'if the demurrer was good on any ground stated, it would be the duty of this court to sustain the trial court, even though he sustained the erroneous ground,' has become so well entrenched in our jurisprudence that it should not be departed from."

See also American Home Benefit Ass'n, Inc., v. United American Benefit Ass'n, Inc., 63 Idaho 754, 125 P.2d 1010.

It has been said by the California Courts (Ross v. Goins, 51 Cal.App. 412, 197 P. 132;

Sechrist v. Rialto Irr. Dist., 129 Cal. 640, 62 P. 261) regarding a demurrer sustained generally by the trial court:

"When the court sustained the demurrer it was deemed to be sustained on any and every tenable ground, whether general or special. Under our practice a demurrer sustained is sustained for all purposes and upon every issue and in its entirety, so far as involves the count toward which it is directed." [51 Cal.App. 412, 197 P. 134.]

Further, we will review all the grounds of demurrer where the same questions must arise in proceeding further under the complaint and it is advisable to dispose of them in this court in the interests of expediting the litigation. See Gagnon v. St. Maries Light & Power Co. 26 Idaho 87, 91, 141 P. 88.

Taking up the various grounds of demurrer in order, we are of the opinion that the complaint states a cause of action. There is no question that a person cannot by a dam, embankment or other artificial means, obstruct the natural flow of water in a stream, and throw it back on the lands of another, without being liable for the resulting damages, unless he has an easement or right upon or in such lands to do so. Scott v. Watkins, 63 Idaho 506, at page 522, 122 P.2d 220; Johnson v. Twin Falls Canal Co., 66 Idaho 660, 167 P.2d 834; Alesko v. Union Pacific Railroad Co., 62 Idaho 235, 109 P.2d 874; Fischer v. Davis, 19 Idaho 493, 116 P. 412; Fischer v. Davis, 24 Idaho 216, 133 P. 910; Stout v. McAdams, 3 Ill. 67, 33 Am.Dec. 441; Bradbury v. Vandalia Levee & Drainage Dist., 236 Ill. 36, 86 N.E. 163, 19 L.R.A., N.S., 991, 15 Ann.Cas. 904; 67 C.J. 722, 723; Callison v. Mt. Shasta Power Corp., 123 Cal.App. 247, 11 P.2d 60, at page 64; See Annotations, 59 L.R.A. 817, and 28 L. R.A.,N.S., 157.

Such being true, will an action for such tort lie as against a drainage district organized under our drainage district statutes?

A drainage district is conducted and operated for the benefit and welfare of the residents and property owners of the district (Sec. 41-2560, I.C.A.) and its functions are business and economic, rather than political or governmental. Breckenridge v. Johnston, 62 Idaho 121, at page 133, 108 P.2d 833. The drainage district act may well be termed the complement of the irrigation act. One provides for bringing water onto land so as to render it productive and habitable, and the other provides for getting water off land for the same purposes. Elliott v. McCrea, 23 Idaho 524, at page 527, 130 P. 785. Irrigation districts are permitted to exercise the functions of drainage districts. 42-307, I.C. A., amended 1945 Laws, Chap. 4, p. 5, and Sec. 42-307 a, b, c and d, added by Chap. 4, 1945 Laws. This court has held that an irrigation district may construct drainage works as a necessary complement to its irrigation system. Bissett v. Pioneer Irrigation Dist., 21 Idaho 98, 120 P. 461; Pio-

neer Irr. Dist. v. Stone, 23 Idaho 344, 130 P. 382; Nampa & Meridian Irr. Dist. **v.** Petrie, 28 Idaho 227, 153 P. 425. Drainage districts are authorized to appropriate waters created or made available for irrigation purposes by the construction of drainage works within the district, whenever the same can be applied to a beneficial use upon lands within the district, without impairing prior existing rights, and to equitably and ratably distribute the same to lands within the district, all in the manner permitted by law. Section 41-2502, I.C.A.

A drainage district is not strictly a municipality such as a county, city, town or village, but is an entirely different kind of municipality created within the state by law for a specific purpose. Ferbrache v. Drainage Dist. No. 5, 23 Idaho 85, at page 93, 128 P. 553, 44 L.R.A.,N.S., 538, Ann.Cas. 1915C, 43. Drainage districts are quasi corporations, being public in their nature, and designed to accomplish purposes conducive to the general welfare. Burt v. Farmers' Co-operative Irr. Co. Ltd., 30 Idaho 752, at page 765, 168 P. 1078.

The primary object of the drainage district act is the creation of a drainage district and its government in the same way as similar organizations are organized, such as irrigation districts, good roads districts, and improvement districts. Ferbrache v. Drainage Dist. No. 5, 23 Idaho 85, at page 92, 128 P. 553, 44 L.R.A.,N.S., 538, Ann. Cas.1915C, 43.

In Lewiston Orchards Irr. Dist. v. Gilmore, 53 Idaho 377, 23 P.2d 720, 722, this court summarized its previous decisions defining irrigation districts, and said:

"It follows that the primary purpose of an irrigation district is limited to the conducting of its business for the private benefit of the landowners within the district by the *acquisition of water rights and the irrigation of lands* within its boundaries; and that the landowners within the district are the members of the corporation, control its affairs, and are primarily benefited by its operations. It is likewise true that irrigation districts have been endowed with certain incidental municipal powers necessary to its proper functioning, such as the election of its officers and directors, the levy of assessments for bond, interest, maintenance, and operation and other like authorized purposes, and the equalization and collection of such assessments, which incidental municipal powers have resulted in its classification as a quasi municipal or municipal corporation in connection with the construction of statutes and constitutional provisions involving the exercise of such municipal powers." (Italics ours.)

The same thing may well be said of a drainage district by eliminating the words "acquisition of water rights and the irrigation of lands," and substituting therefor "drainage and diking, and the incidental appropriation of water for irrigation."

A drainage district can sue and be sued by and in the name of its board of

48

commissioners. 41-2501, I.C.A. Its functions do not cease upon its creation and the completion of its original work, but actively continue for other construction, maintenance and repairs, and the conduct of its business and affairs. 41-2562, I.C.A., 41-2501, I.C.A.

In Stephenson v. Pioneer Irr. Dist., 49 Idaho 189, 288 P. 421, 69 A.L.R. 1225, this court reviewed the nature of an irrigation district, and held the district responsible for damages resulting from the negligent construction and operation of its canal system. In Eldridge v. Black Canyon Irr. Dist., 55 Idaho 443, 43 P.2d 1052, we held that an irrigation district, while exercising certain governmental powers, is brought into existence for the private benefit of land owners within its limits; that it owns and operates its irrigation system in a proprietary rather than a public capacity; that it assumes, and must bear, the burdens of property ownership; and that it is, therefore, liable for the torts of its servants committed in the exercise of its proprietary functions. In that case, the district was held liable for damages for personal injuries resulting from an assault by its superintendent upon a farm hand in a controversy over waste water being emptied into a canal, the jury deciding that the act was committed by the superintendent in the service of the district.

A leading case upon the subject of liability of municipal or quasi-municipal corporations for torts committed in the exercise of proprietary functions, is Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057, where it was held that a highway district is liable for torts committed in the performance of ministerial, private, corporate or proprietary functions. See also Mason v. Hillsdale Highway Dist., 65 Idaho 833, 154 P.2d 490.

In Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A.L.R. 1151, this court, in accordance with the modern trend of the law, held that a county, electing to establish and operate a hospital, enjoys no immunity from damage suits for negligence of its employees in the operation of such hospital.

In view of the holdings of this court with reference to the liability of highway districts and irrigation districts for torts, there is no reason to compel us to take a different view with reference to drainage districts, nor can they be distinguished from such other corporations or quasi corporations since their functions are primarily proprietary.

■ Under the allegations of the complaint in this case to the effect that the defendant commissioners and each of them wrongfully, negligently and contrary to the plans and specifications adopted by the District, built and maintained the dam and obstructed the creek to cause the damage complained of, we must also hold that the commissioners, by whom the wrongs were alleged to have been perpetrated, are not im-

mune from responsibility, but are also liable. Under what other circumstances liability might or might not attach to them individually, we do not decide. For the general rule of liability see Strickfaden v. Greencreek Highway Dist., 42 Idaho 738, 248 P. 456, 49 A.L.R. 1057.

The second ground of demurrer is misjoinder of parties defendant. The demurrer fails to point out wherein there is a misjoinder, and further, what we have just said with reference to individual liability of the commissioners in this case disposes of the question.

■ The third ground of demurrer sets forth that the complaint is ambiguous, unintelligible and uncertain in: (1) Failing to allege in haec verba a mentioned agreement entered into by the district and certain property owners; (2) failing to state, show or allege what crops, if any, were grown upon plaintiff's lands; (3) failing to describe the 20 acres of land lying outside the district upon which crops were damaged; (4) failing to state in the second cause of action in what respects the defendants wrongfully maintained the alleged obstruction.

The first ground of the special demurrer for uncertainty is not well taken since the complaint does not allege that plaintiff was a party to the agreement. The allegation as to such agreement is therefore surplusage.

■ Defendants' demurrer on the ground of uncertainty for failure to de-

scribe plaintiff's lands situated outside the district, and the crops destroyed, was properly sustained. The defendants were entitled to know, in order to adequately prepare their defense, what lands were involved and the nature of such crops.

■ The remaining ground of the special demurrer for uncertainty is of no consequence in view of the fact that the second cause of action incorporates by reference the allegations of the first cause of action, which sufficiently show in what respects the maintenance of the obstruction was wrongful.

■ Demurrers for ambiguity and uncertainty are in aid of the pleadings and contemplate an amendment in the particulars specified. Schaake v. Eagle Automatic Can Co., 135 Cal. 472, 63 P. 1025, at page 1027, 67 P. 759; Ross v. Goins, 51 Cal.App. 412, 197 P. 132. Since the demurrer in this case was sustained generally, and it has to be presumed in such case that the trial court decided each ground of the demurrer adverse to the plaintiff, the furtherance of justice requires that the plaintiff should have an opportunity to amend the complaint to meet the objections raised by demurrer which we have held to be good. MacLeod v. Stelle, 43 Idaho 64, 249 P. 254; Feehan v. Kendrick, 32 Idaho 220, 179 P. 507; Phy v. Selby, 35 Idaho 409, 207 P. 1077.

■ However, if a special demurrer on the ground of ambiguity, unintelligibility or uncertainty is correctly sustained in the

trial court, and a general demurrer, if there be one, is overruled, the trial court specifying which grounds are sustained and which are overruled, an appellant who sees fit to stand upon his complaint after an opportunity to amend, will be bound by the judgment of dismissal without being given another opportunity by this court so to do.

The judgment of dismissal is therefore reversed, and the cause remanded to the District Court with instructions to permit the plaintiff to amend his complaint to meet the objections for uncertainty herein specified and held to be well taken, within such time as the trial court shall permit, and in case of such failure to amend, the judgment of dismissal shall stand.

No costs awarded.

BUDGE, C. J., and GIVENS, HOLDEN, and MILLER, JJ., concur.