(December 9, 1912.)

## W. W. FERBRACHE, Respondent, v. DRAINAGE DIS-TRICT NO. 5 OF BONNER COUNTY et al., Appellants.

[128 Pac. 553.]

DRAINAGE DISTRICT—ORGANIZATION—QUALIFICATION OF VOTER—CONSTI-TUTION—STATUTES.

(Syllabus by the court.)

1. Sec. 2448, Rev. Codes, which provides, among other things, that the qualification of voters voting at an election held for the purpose of establishing a drainage district shall be as follows: "Every natural person of legal age, who is the *bona fide* owner of forty acres or a smaller tract of real estate within the limits of such district as established by the board of county commissioners, shall be entitled to one vote, and such person shall be entitled to an additional vote for each forty acres of real estate owned as afore-said in excess of the first forty acres; but if it be found that the foregoing provisions in this section as to qualifications of voters are invalid, then such qualifications shall be as follows: Every natural person of legal age who is a *bona fide* owner of real estate within the limits of said district, as established by said board of county com-missioners, shall be entitled to one vote," is in contravention of the constitution of Idaho, and violates sec. 2, art. 6, and sec. 20, art. 1, and sec. 4, art. 6, of the constitution of Idaho.

2. Sec. 2, art. 6, of the constitution provides: "Except as in this article otherwise provided, every male or female citizen of the United States, twenty-one years old, who has actually resided in this state or territory for six months, and in the county where he or she offers to vote, thirty days next preceding the day of elec-tion, if registered as provided by law, is a qualified elector; and until otherwise provided by the legislature. . . . . "

3. Sec. 20, art. 1, of the constitution provides: "No property qualification shall ever be required for any person to vote or hold office except in school elections or elections creating indebtedness."

4. Sec. 4, art. 6, of the constitution provides: "The legislature may prescribe qualifications, limitations, and conditions for the right of suffrage additional to those prescribed in this article, but shall never annul any of the provisions in this article contained."

5. By the provisions of Title 15, Rev. Codes, vol. 1, the legisla-ture intended to provide for the organization and creation of drain-age districts, and such districts are to be created out of territory

of the state, and are legal subdivisions of the entire state; and by the creation of such districts under the statute, certain steps are to be taken, including an election for the creation of said district and for commissioners of said district and the issuance of bonds, and a process of government and improvement is provided for. These various provisions clearly bring a drainage district within the class recognized and approved by this court in a number of cases.

6. If the different sections and provisions of a legislative act are connected in subject matter dependent upon each other and designated to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the legislature would have passed one without the other, then if one part fails the entire act must fall.

APPEAL from the District Court of the Eighth Judicial District for the County of Bonner. Hon. John M. Flynn, Judge.

Action to determine the validity of the organization of a drainage district. Judgment for respondent. *Affirmed.*

B. S. Bennett, for Appellants.

The unconstitutional provision of the statute can be eliminated so as to leave the remainder of the statute complete and operative. (*Bissett v. Pioneer Irr. Dist.*, 21 Ida. 98, 120 Pac. 461; *People ex rel. v. Reclamation Dist.*, 117 Cal. 114, 48 Pac. 1016.)

The law creating reclamation districts and providing that those who are interested in the land and who pay for the improvements shall determine by an election whether the improvements shall be made, does not constitute an exercise of the elective franchise so as to render it void because requiring a property qualification.

E. W. Wheelan, for Respondent.

This court held in the case of *Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304, that the property qualification prescribed by sec. 2, act of March 5, 1911, made said sec. 2 void, and there is no difference between said sec. 2 and sec. 2448,

Rev. Codes. In fact, the only qualification for voters pre-scribed by said sec. 2448 is a property qualification.

STEWART, C. J.—The respondent brought this action in the district court of Bonner county for the purpose of enjoin-ing the appellants, drainage district No. 5 of Bonner county, and the drainage commissioners of the district, from issuing warrants or incurring expenses connection with the pro-posed drainage system of said district, and also enjoining and restraining the commissioners from filing a petition in the district court for the purpose of having the assessment of damages and benefits made to cover the drainage of lands embraced in the district. It was alleged in the complaint that the drainage district No. 5, Bonner county, be adjudged and declared not to be a valid and duly organized drainage dis-trict, and it was asked that the acts of the drainage district performed by commissioners since its organization be declared to be void and of no force or effect.

The complaint alleges the facts to be as follows: That the respondent is the owner of land within the drainage district No. 5 of Bonner county, Idaho; that on February 1, 1911, a petition for the formation of drainage district No. 5 in Bonner county, Idaho, was filed with the board of county commissioners of that county; that thereafter the board of county commissioners considered said petition and established said district by an order duly entered upon the records of the proceedings of said board; that prior to the entering of said order an election was held in said drainage district under sec. 2448 of the Rev. Codes of Idaho under a notice issued by the board of commissioners of Bonner county, which notice, among other things, specified that the election would be conducted in accordance with the general election laws of the state of Idaho, and all persons possessing the qualifica-tions described in sec. 2448 of the Rev. Codes of Idaho would be entitled to vote thereat in the manner prescribed by law, and that said election was held on the 28th day of March, 1911; that the result of said election was canvassed by the commissioners and an order made by the board declaring the

territory embraced within the boundaries thereof to be duly organized as drainage district No. 5 of Bonner county, Idaho, and declaring C. G. Reeder, E. E. Elliott and W. B. Hawkins commissioners of said drainage district; that the commissioners qualified as such and took their oath of office and issued warrants to cover expenses alleged to have been incurred in the payment of services rendered by engineers in drawing plans and specifications for a drainage system for the land embraced within the limits of the said drainage district, and to cover expenses of procuring abstracts of title to lands and for other purposes, the exact amount of which warrants is unknown to plaintiff, but is alleged on information to exceed the sum of $3,500; that an annual election was held on the 5th of December, 1911, for the commissioners of said drainage district, and that Joseph Parent, E. E. Elliott and Mrs. Frances Wells claim to be the duly qualified and elected commissioners of said district, and they are threatening to issue other warrants for expenses incurred by them in formulating plans and specifications, and are threatening to file a petition for the purpose of procuring an assessment of benefits against the land within said district by the system of drainage proposed to be adopted by said board of commissioners, and that the acts pertaining to the organization of said drainage district are illegal and of no force and effect, for the reason that no valid statute of Idaho prescribes the method of voting for or against the organization of any drainage district.

The answer to this complaint consists of all the proceedings had in relation to the organization of the drainage district showing that all proceedings are in strict compliance with the terms of the statute, as contained in secs. 2444 to 2452, inclusive, of the Rev. Codes.

A demurrer was filed to the answer on the ground that the facts therein are not sufficient to constitute a defense to the cause of action, for the reason that it appears from the answer that all persons possessing the qualifications prescribed by sec. 2448 of the Codes of Idaho shall be entitled to vote and be permitted to vote at the election of the organization of said

district, and that said section is unconstitutional and void, in that it violates:

(a) The provisions of section 1, article 6, of the constitution of the state of Idaho.

(b) It violates the provisions of sec. 2, art. 6, of the constitution of the state of Idaho.

(c) It violates the provisions of sec. 20, art. 1, of the constitution of the state of Idaho.

(d) It violates the provisions of sec. 4, art. 6, of the constitution of the state of Idaho.

The demurrer was sustained on all the grounds specified. The appellants declined to amend, and stood on their answer. Judgment was entered accordingly. This appeal is from the judgment sustaining the demurrer and also the judgment.

This case is a friendly contest, and the only question presented is, whether sec. 2448 of the Rev. Codes is unconstitutional, and whether the organization of a drainage district under said section 2448 is valid.

Sec. 2448 prescribes the qualifications of voters voting at the election held for the purpose of determining whether the drainage district shall be established, as follows: "Every natural person of legal age who is the *bona fide* owner of forty acres or a smaller tract of real estate within the limits of such district as established by the board of county commissioners, shall be entitled to one vote, and such person shall be entitled to an additional vote for each forty acres of real estate owned as aforesaid in excess of the first forty acres." This same section contains an alternative as to qualification: "If it be found that the foregoing provisions of this section as to qualifications of voters are invalid, then such qualification shall be as follows: Every natural person of legal age who is a *bona fide* owner of real estate within the limits of said district, as established by said board of county commissioners, shall be entitled to one vote."

It is also provided in sec. 2448 that the same qualification of voters is required for the election of drainage commissioners as is required in the organization of the district, and that

such provision shall also apply to all succeeding elections held under the title.

We will first consider whether such section, in fixing the qualification of voters at elections held in accordance with title 15 relating to drainage districts, commencing with sec. 2444 and extending to and including sec. 2483, is in violation of sec. 2, art. 6, of the constitution, and sec. 20, art. 1, of the constitution.

The first section thus referred to is as follows: "Except as in this article otherwise provided, every male and female citizen of the United States, twenty-one years old, who has actually resided in this state or territory for six months, and in the county where he or she offers to vote, thirty days next preceding the day of election, if registered as provided by law, is a qualified elector; and until otherwise provided by the legislature, women who may have the qualifications prescribed in this article may continue to hold such school offices and vote at such school elections as provided by the laws of Idaho Territory."

Sec. 20, art. 1, of the constitution, reads as follows: "No property qualification shall ever be required for any person to vote or hold office except in school elections or elections creating indebtedness."

It will thus be seen that under the provisions of sec. 2, art. 6, the qualifications of an elector are: That he or she must be a citizen of the United States, twenty-one years old, and must have resided in the state six months, and in the county where he or she offers to vote thirty days, and that he or she must be registered as provided by law.

It will also be observed that sec. 2448 does not require that a voter be a citizen of the United States, or that he is a resident in the state or county at all, the only qualification being that he is the *bona fide* owner of real estate within the limits of such district. This is a clear violation of the provisions of sec. 2, art. 6, of the constitution, and was without the power of authority of the legislature to prescribe. It will also be observed that sec. 2448 prescribes that the voter must be a *bona fide* owner of forty acres or a smaller tract of real estate

within the limits of such district as established by the board of county commissioners, or if such provision is unauthorized, then the voter must be a *bona fide* owner of real estate within the limits of said district as established by said board of county commissioners. It will thus be seen that this provision is clearly in violation of sec. 20, art. 1, of the constitution, which provides: "No property qualification shall ever be required for any person to vote or hold office except in school elections or elections creating indebtedness." Also sec. 4, art. 6, which prescribes: "The legislature may prescribe qualifications, limitations, and conditions for the right of suffrage additional to those prescribed in this article, but shall never annul any of the provisions in this article contained."

The qualifications prescribed by the provisions of art. 6, of which sec. 4 is a part, are, that a legal voter is every male or female of the United States, twenty-one years old, who has actually resided in this state or territory for six months and in the county where he or she offers to vote thirty days next preceding the day of election, if registered as provided by law.

By the provisions of sec. 4, art. 6, of the constitution, the legislature has the right to prescribe qualifications, limitations and conditions for the right of suffrage additional to those prescribed in this article (that is, art. 6), but shall never annul any of the provisions in this article contained. Under this provision of sec. 4, the legislature is prohibited from adding qualifications, limitations and conditions for the right of suffrage additional to those prescribed in this article, and sec. 20 of art. 1 of the constitution provides that no property qualification shall ever be required for any person to vote or hold office, except in school elections or elections creating indebtedness. This property qualification, fixed by the provisions of sec. 2448, clearly violates sec. 20, art. 1, and sec. 4, art. 6, of the constitution.

The purpose of the act now under consideration which provides for the creation and organization of a drainage district is not an act alone creating an indebtedness. While it is true that a drainage district is given power to vote bonds, yet be-

fore bonds can be issued the district must be created, and the primary object of the act is the creation of a drainage district and its government, in the same way as similar organizations are organized, such as irrigation districts, good road districts and improvement districts.

Sec. 2448 of the Rev. Codes clearly violates secs. 20, art 1, and 4, art. 6, of the constitution.

In the case of *Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304, this court had under consideration sec. 2 of an act approved March 6, 1911, which prescribes the qualifications of a voter at the time of the election at which he offers to vote in an irrigation district, in which the voter was required to be a holder of land embraced in the district; a comparison of sec. 2 of the act of March 6th, *supra,* with sec. 2448, will disclose the fact that sec. 2 of the act relating to the organization of an irrigation district is more nearly like the constitutional provision than sec. 2448; for, in the former the voter is limited to citizenship of the United States and residence in the state, while the only qualification provided by sec. 2448 is the ownership of land within the district.   In that case this court said: "The constitution of this state was adopted by the people of the entire state and was for the government of the people of the state, and the provisions therein found are intended to apply to the entire state, unless otherwise provided, and to every legal subdivision thereof, whether created by the constitution or the legislature.   The provisions of the constitution with reference to the qualification of voters were intended to apply not only to state elections, but to elections held by the legal subdivisions of the state.   There is no separate or distinct qualification provided by the constitution for voters at elections held in counties, cities, villages or other municipalities."

An examination of Title 15 of Rev. Codes, vol. 1, entitled "Drainage Districts," shows that by the provisions of the several sections of said title the legislature provides for the organization and creation and government of drainage districts, and that such districts are to be created out of territory of the state, and are legal subdivisions of the entire state;

and by the creation of such districts under the statute, certain steps are to be taken, including an election for the creation of said district, and for the election of commissioners of said district, and the issuance of bonds; and a process of government and improvement is provided for. These various provisions clearly bring a drainage district within the class recognized and approved by this court in a number of cases.

In the case of *Shoshone Highway Dist. v. Anderson,* 22 Ida. 109, 125 Pac. 219, this court had under consideration an act of the legislature providing for the organization of highway districts, and in that case this court held, in speaking of the character of a highway district: "A highway district . . . . is not a municipality such as the county, city, town or village, but is an entirely different kind of municipality created for a specific purpose. (*Fenton v. Board of Commissioners,* 20 Ida. 392 [119 Pac. 41]; *Boise Irr. etc. Co. v. Stewart,* 10 Ida. 38 [77 Pac. 25, 321];*Hettinger v. Good Roads Dist. No. 1,* 19 Ida. 313 [113 Pac. 721].)"

In this latter case and the case of *Pioneer Irr. Dist. v. Walker,* the identical questions involved upon this appeal have been considered and decided.

It will thus be seen that a similar statute to the one now in question, and with like provisions, where the object and purposes of the acts were practically the same as in the present case, were considered by this court, and under the rule in those cases, a drainage district is not strictly a municipality, such as a county, city, town or village, but is an entirely different kind of municipality created within the state by law for a specific purpose.

It is argued, however, in this case, that notwithstanding the provisions of sec. 2448 are in contravention of the constitution, yet we are asked that the law, as a whole, should be sustained by the court and the general laws of the state applied to the holding of the elections provided in said act. This contention is not well founded, and cannot be sustained by the court, for the reason that the provisions found in sec. 2448 fixing the qualifications of voters voting upon the question of organization is a specific requirement of the legislative enactment, and

no doubt was an inducement for the passage of such act; for it is provided in the act in said section that if the first qualification fixed is found unconstitutional, another provision is prescribed, which is likewise a violation of the constitution, and if one of the qualifications was not the intention of the legislature and the second qualification is, and such latter qualification is in violation of the statute, it is evidence that the general laws relating to elections should not be applied, and this provision would defeat the constitutionality of the entire act.

It is also settled in this state that if the provisions of an act are connected in subject matter, dependent on each other, and designed to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the legislature would have passed one without the other, then if one part falls the entire act must fall. (*Ballentine v. Willey*, 3 Ida. 496, 95 Am. St. 17, 31 Pac. 994; *Knight v. Trigg*, 16 Ida. 256, 100 Pac. 1060; *Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71.) If, therefore, taking this statute as a whole, it clearly appears that sec. 2448 was considered and recognized by the legislature as an important and integral part thereof, and so connected in subject matter with other provisions of the act, and other provisions were so dependent upon sec. 2448 that it cannot be presumed that the legislature would have passed said act with such section omitted, then the entire act must fall.

For these reasons the judgment in this case is *affirmed.* Costs awarded to respondent.

Sullivan, J., concurs.