327 P.2d 361

**BOARD OF COUNTY COMMISSIONERS OF LEMHI COUNTY, Idaho, and Charles B. Kane, James W. Caples and Sam McKinney, constituting the members of said Board, Plaintiffs,**

v.

**Rulon SWENSEN, State Auditor of the State of Idaho, Defendant.**

No. 8666.

Supreme Court of Idaho.

July 1, 1958.

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., for defendant.

Charles Herndon, Salmon, for plaintiffs.

McQUADE, Justice.

This is an original application for writ of mandate filed by the Board of County Commissioners of Lemhi County, Idaho, against the State auditor of the State of Idaho.

The State Legislature, by Senate Bill 41, approved March 22, 1957, Chapter 295, 1957 Session Laws, appropriated $35,000 from the Highway Fund, a dedicated fund, of the State of Idaho to the county treasurer of Lemhi County, Idaho, to be placed in a special fund and used as directed by the county commissioners of said county. This sum is for the designated purpose of construction and repair necessary to provide a minimum safety program on the Williams Creek Road, a county roadway, in Lemhi County, Idaho. These funds so appropriated are to be expended by or under the direction of the county commissioners of Lemhi County, and the unused portion thereof on July 1, 1959, shall revert to the general fund of the State of Idaho. It is conceded by counsel that this provision for the reverting of funds to the general fund violates Article 7, section 17, of the Constitution.

On September 9, 1957, the county commissioners and the county treasurer of Lemhi County, Idaho, requested the State auditor, defendant herein, to draw a warrant on the State treasurer in order to make payment of the funds so appropriated to the county treasurer under the act. Upon refusal of the defendant to comply with the plaintiffs' request, this action was instituted and an alternative writ of mandate issued.

In resisting the plaintiffs' demand, the defendant urges that the act of the Legislature violates Article 3, section 19, paragraph 7, of the Constitution of the State of Idaho, which is as follows:

"The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:

\*  \*  \*  \*  \*  \*

"Authorizing the laying out, opening, altering, maintaining, working on, or vacating roads, highways, streets, alleys, town plats, parks, cemeteries,

or any public grounds not owned by the state. * * *"

We have heretofore discussed this constitutional provision in Ada County v. Wright, 60 Idaho 394, 92 P.2d 134, 138. The rule as laid down in that case is well established and supported by prior decisions of this Court. It is said therein:

"It is next contended that the act is a local and special law and, as such violates par. 7. sec. 19, of art. 3, of the Const. That contention is unsound. The act applies to all counties alike; it applies to all highways and good road districts alike. Its application is general and uniform as to all that fall within its classifications. A special law applies only to an individual or number of individuals out of a single class similarly situated and affected, or to a special locality. A law is not special simply because it may have only a local application or apply only to a special class, if in fact it does apply to *all such classes* and *all similar localities* and to *all belonging to the specified class* to which the law is made applicable. Mix v. Board of Com'rs, etc., 18 Idaho 695, 705, 112 P. 215, 32 L.R.A.,N.S., 534; Hettinger v. Good Road District No. 1, 19 Idaho 313, 318, 113 P. 721; In re Crane, 27 Idaho 671, at page 690, 151 P. 1006, L. R.A.1918A, 942."

In view of the language used in Ada County v. Wright, supra, it must be concluded that Senate Bill 41 of the 1957 Session Laws, Chapter 295, is a local and special law, prohibited by Article 3, section 19, paragraph 7, supra, and is therefore unconstitutional.

The alternative writ of mandate is quashed, and the proceedings are dismissed.

KEETON, C. J., TAYLOR and SMITH, JJ., and BAKER, D. J., concur.