50 P.3d 991

CONCERNED TAXPAYERS OF KOOTENAI COUNTY, an unincorporated nonprofit association; Thomas R. Macy; Needa M. Baird; Evonne Lowther; Max Hall; Mary Davis; Anne Goude; Al Sharon; Kathy Chestnut; Mark Landberg and M. Kathleen Sims, Plaintiffs–Appellants–Cross Respondents,

v.

KOOTENAI COUNTY, a governmental subdivision; Richard C. Panabaker, Dick Compton and Ronald D. Rankin, County Commissioners, Defendants–Respondents–Cross Appellants.

No. 27032.

Supreme Court of Idaho,
Boise, April 2002 Term.

July 2, 2002.

497

Scott W. Reed, Coeur d'Alene, for appellants-cross respondents.

James J. Davis, Boise, for respondents-cross appellants.

KIDWELL, Justice.

This is an appeal from summary judgment in favor of the respondents in a declaratory judgment action brought by the appellants to declare the Resort County Local Option Sales or Use Tax Act (Resort County Act) unconstitutional. The appellants also sought to declare the Resort County Local Option Sales Tax, enacted as Kootenai County Ordinance No. 293 pursuant to the Resort County Act, null and void.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The plaintiffs-appellants in this case are an unincorporated non-profit association known as "Concerned Taxpayers of Kootenai County" and ten individuals residing in Kootenai County (Concerned Taxpayers). The defendants-respondents are Kootenai County and its three elected County Commissioners (Kootenai County).

At the primary election held on May 23, 2000, the voters of Kootenai County approved a proposal captioned "Resort County Local Option Sales Tax," which was created to impose a one-half percent county sales tax to provide funding for the construction of a new county jail and improvements to county courtrooms. Pursuant to that vote of approval, the Kootenai County Board of Commissioners enacted Kootenai County Ordinance No. 293 (Ordinance 293) to implement the sales tax, effective January 1, 2001. These actions were taken in reliance upon the Resort County Act, Idaho Code sections 63–2601 through 63–2608, which was enacted by the Idaho Legislature in 1996 and authorizes the adoption of local sales and use taxes by resort counties in certain circumstances. Because of population requirements contained in the Resort County Act, Kootenai County was the only county that met the definition of "resort county" in 1996, and it currently remains the only such county.

On June 30, 2000, Concerned Taxpayers, Thomas R. Macy, and Needa M. Baird filed a complaint to challenge the Resort County Act and Ordinance 293. On July 13, 2000, an amended complaint was filed, adding the other plaintiffs. In the amended complaint the plaintiffs alleged six theories, listed as five separate causes of action, to invalidate the Resort County Act and Ordinance 293, but the plaintiffs eventually withdrew three of those theories. The remaining three theories were: (1) the Resort County Act is a local and special law in violation of Article III, Section 19 of the Idaho Constitution, (2) the Resort County Act is an unconstitutional delegation by the Idaho Legislature of its taxing authority, and (3) the Resort County Act violates the equal protection and due process rights of the plaintiffs. Upon cross motions for summary judgment, the district court determined that the population floor contained in I.C. § 63–2602 rendered the Resort County Act unconstitutional as a local or special law. However, the court found that the offending language could be severed from the Resort County Act and granted Kootenai County's motion for summary judgment based on the Act as it reads without the population floor.

Concerned Taxpayers appealed, arguing that the entire Resort County Act is unconstitutional for the same reasons as argued below and that the district court erred by severing the phrase containing the population floor. Kootenai County filed a notice of cross appeal in which it asserted that the district court erred by failing to dismiss Concerned Taxpayers' claim for lack of standing and by finding the population floor unconstitutional. However, Kootenai County agrees that the constitutional issue it raised on cross appeal is absorbed by Concerned Taxpayers' constitutional arguments. Additionally, Kootenai County voluntarily withdrew the standing issue.

## II.

### STANDARD OF REVIEW

The district court granted summary judgment in favor of Kootenai County based upon its finding that, although the Resort County Act was an unconstitutional local or special law, the population floor contained in I.C. § 63–2602 could be severed, leaving the remainder of the Act constitutional.

■ Although the district court's disposition was framed in the nature of summary judgment, the paramount question in this case involves the determination of whether the act at issue is constitutional. Because constitutional questions are purely questions of law, they are reviewed de novo. *V–1 Oil Co. v. Idaho State Tax Comm'n*, 134 Idaho 716, 718, 9 P.3d 519, 521 (2000) (citing *Idaho State Ins. Fund v. Van Tine*, 132 Idaho 902, 905–06, 980 P.2d 566, 569–70 (1999)).

## III.

## ANALYSIS

**A. The Resort County Local Option Sales Or Use Tax Act, Idaho Code Sections 63–2601 Through –2608, Is A Local And Special Law In Violation Of Article III, Section 19 Of The Idaho Constitution.**

The Resort County Act generally provides that voters in resort counties may approve a local sales or use tax to accommodate the influx of tourists and the resulting demand for services. I.C. §§ 63–2601, –2603. The Resort County Act also provides that at least half of the revenue from any such tax must be used to provide property tax relief within the county. I.C. § 63–2604. "Resort county" is defined as:

> any county having more than eighty thousand (80,000) population, within fifty (50) miles of a county having a population of more than three hundred fifty thousand (350,000), and which county derives a major portion of its economic well-being from businesses catering to recreational needs and meeting needs of people traveling to that destination county for an extended period of time.

I.C. § 63–2602.

### 1. Constitutionality

■ The Constitution of the State of Idaho generally prohibits the passing of local or special laws on a host of topics, including taxation: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say:.... For the assessment and collection of taxes." Idaho Const. art. III, § 19. A law "is not special when it treats all persons in similar situations alike," and it is not local "when it applies equally to all areas of the state." *Sun Valley Co. v. City of Sun Valley,* 109 Idaho 424, 429, 708 P.2d 147, 152 (1985). "A special law applies only to ... a special locality," as opposed to all similarly situated localities. *Bd. of County Comm'rs of Lemhi County v. Swensen,* 80 Idaho 198, 201, 327 P.2d 361, 362 (1958) (quoting *Ada County v. Wright,* 60 Idaho 394, 403, 92 P.2d 134, 138 (1939)). Although this Court's formulation of

this test over the years may have, at times, resembled that employed in the analysis under the equal protection clauses of the U.S. and Idaho Constitutions, *Hanson v. De Coursey,* 66 Idaho 631, 637, 166 P.2d 261, 263 (1946), the test for a local or special law remains a different analysis:

> the equal protection clause of the federal constitution and Art. III, s 19, of the Idaho Constitution, were adopted to serve distinctly different identifiable purposes. While it might be constitutional in the sense of equal protection for our legislature to single out persons or corporations for preferred treatment, such would nevertheless be regarded as in conflict with Art. III, s 19.

*Jones v. State Bd. of Med.,* 97 Idaho 859, 877, 555 P.2d 399, 417 (1976). The test for determining whether a law is local or special is whether the classification is arbitrary, capricious, or unreasonable. *Sun Valley Co.,* 109 Idaho at 429, 708 P.2d at 152; *Kirkland v. Blaine County Med. Ctr.,* 134 Idaho 464, 469, 4 P.3d 1115, 1120 (2000); *Jones v. Power County,* 27 Idaho 656, 665, 150 P. 35, 37 (1915).

■ "The Court should, whenever possible, construe a statute so as to achieve a constitutional result." *Bradbury v. Idaho Judicial Council,* 136 Idaho 63, 68, 28 P.3d 1006, 1011 (2001).

Kootenai County argues that the requirement that a resort county be within fifty miles of a county having a population in excess of 350,000 is reasonable, because the sheer number of visitors generated by that population base increases the costs of the infrastructure in the resort county. It argues that the infrastructures of resort counties located near larger counties suffer from similar tourist influxes as the resort city infrastructures at issue in *Sun Valley Co.,* 109 Idaho 424, 708 P.2d 147, in which this Court found that there was a rational basis for the legislature's decision to allow small resort cities to enact local sales or use taxes.

As for the rationality of the 80,000 population floor, Kootenai County asserts: (1) there are significant costs in administering and collecting a sales tax, and a county with a

population of less than 80,000 may not have the financial ability or sufficient staffing to implement the tax; (2) a larger population base allows the sales or use tax to be spread among a larger number of citizens who reside within the county; (3) a larger county may provide more activities for tourists, which, in turn, draw more tourists, requiring more public infrastructure; and (4) the property tax base, which benefits from the Resort County Act, may be substantially different in a larger county than a smaller one, especially with regard to the relative amounts of property tax paid by businesses that are large providers of tourist-related services.

Concerned Taxpayers argues that the legislature unreasonably intended to pass an act that would specifically benefit Kootenai County to the exclusion of all other counties. As noted by the district court, Kootenai County cannot rely on this Court's decision in *Sun Valley Co.* to support its argument that the Resort County Act makes a reasonable classification. The 80,000 population floor contained in the Resort County Act does not enjoy the same rational basis as the 10,000 population ceiling in the City Property Tax Alternatives Act of 1978, I.C. §§ 50–1043 through 50–1048 (Resort City Act), which was at issue in *Sun Valley Co.* The Resort City Act in *Sun Valley Co.* allowed resort cities with populations under 10,000 to pass local taxes similar to those authorized for counties by the Resort County Act. 109 Idaho at 426, 708 P.2d at 149. The *Sun Valley Co.* Court held that, because smaller resort cities like Sun Valley and Ketchum suffer from massive influxes of tourists and because local property taxes in small cities might be woefully inadequate to deal with the resulting demand for services, the Resort City Act was supported by a rational basis. *Id.* at 429, 708 P.2d at 152. In that case, there was a substantial showing that smaller resort cities throughout the state suffered particularized problems because of tourist influxes, and the Resort City Act contained requirements that allowed all similarly situated taxpayers across the state to choose to ameliorate those problems. *Id.* The 1980 census identified approximately 181 cities and unincorporated places in Idaho with populations of less than 10,000. Secretary of State Pete T. Cenarru-

sa, State of Idaho, Idaho Blue Book 315–19 (11th ed. 1991–92). The 2000 census identifies approximately 185 incorporated cities in Idaho with populations of less than 10,000. Secretary of State Pete T. Cenarrusa, State of Idaho, Idaho Blue Book 295–98 (16th ed. 2001–02). Of those cities, the ones that suffer the particularized problems resulting from a substantial tourist industry are all treated similarly, in that they can potentially enact a local tax. In contrast, only Kootenai County may take advantage of the Resort County Act presently and into the foreseeable future. The Resort County Act was not the product of the same rational decision-making process as the Resort City Act, and the *Sun Valley Co.* case does not dictate the result in this case.

Our analysis begins with the language of the Resort County Act. *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001) ("If the statutory language is clear and unambiguous, statutory construction is unnecessary and this Court need merely apply the statute."). The language of I.C. § 63–2602 clearly demonstrates that the Resort County Act was intended to benefit only Kootenai County. The phrase "having more than eighty thousand (80,000) population, within fifty (50) miles of a county having a population of more than three hundred fifty thousand (350,000)" amounts to little more than substitute verbiage for "Kootenai County." No other county currently qualifies under the definition, and it is only by way of speculation that Kootenai County argues that other counties will be able to take advantage of the Resort County Act in the distant future.

There is no doubt that the legislature may enact statutes that provide for the adoption of local sales or use taxes to benefit a class of counties, if those statutes provide similar treatment for similarly situated taxpayers, apply equally across the state, and are founded on some rational basis. However, because of the definition contained in I.C. § 63–2602, the Resort County Act fails in all three respects.

The Resort County Act fails to provide similar treatment for taxpayers in similarly

situated resort counties and fails to apply equally across the state. The 80,000 population floor excludes resort counties of smaller population. The requirement that the county be within fifty miles of a county with a population of over 350,000 people excludes resort counties that may attract tourists from across the state and the country. This narrow definition does not create a classification of similarly situated counties, but, rather, it creates a designation of one county.

Kootenai County's asserted justifications for the population requirements are unpersuasive. They do not demonstrate any reasonable basis for preventing other counties that derive a substantial portion of their income from the tourist industry from enjoying the tax-shifting benefit of the Resort County Act. Stated otherwise, the choice to benefit only Kootenai County was unreasonable, arbitrary, and capricious. Regardless of the rationalizations and social policy arguments offered by Kootenai County, one cannot escape the fact that I.C. § 63–2602 is directly contrary to the prohibitions contained in Article III, § 19 of the Idaho Constitution.

■ Because of the definition contained in I.C. § 63–2602, the Resort County Act fails to treat similarly situated taxpayers similarly, has a specific local application, and is not supported by a rational or reasonable basis. Consequently, we hold that the Resort County Act is an unconstitutional local and special law.

### 2. Severability

Although the district court correctly found that the Resort County Act was unconstitutional because of its special and local application to Kootenai County, it found a justification for severing the population floor from the Act and granting summary judgment in favor of Kootenai County. The district court, in effect, amended I.C. § 63–2602 in an attempt to make it rational.

■ Although this Court will sometimes read palpably omitted words into an act, *Boise St. Car Co. v. Ada County,* 50 Idaho 304, 308–09, 296 P. 1019, 1021 (1931), or correct an obvious clerical omission of a few words, *Worthen v. State,* 96 Idaho 175, 180,

525 P.2d 957, 962 (1974), this Court will not alter the words of a statute, even an unconstitutional one, in such a way as to alter the meaning and intent of the statute:

> Whether portions of a statute which are constitutional shall be upheld while other portions are eliminated as unconstitutional involves primarily the ascertainment of the intention of the legislature. When part of a statute or ordinance is unconstitutional and yet is not an integral or indispensable part of the measure, the invalid portion may be stricken without affecting the remainder of the statute or ordinance. However, if an unconstitutional portion of a statute is integral or indispensable to the operation of the statute as the legislature intended, the provision is not severable, and the entire measure must fail.

*State v. Nielsen,* 131 Idaho 494, 497, 960 P.2d 177, 180 (1998) (citations omitted).

In *Ferbrache v. Drainage Dist. No. 5 of Bonner County,* 23 Idaho 85, 128 P. 553 (1912), this Court explained:

> It is also settled in this state that if the provisions of an act are connected in subject-matter, dependent on each other, and designed to operate for the same purpose, or are otherwise so dependent in meaning that it cannot be presumed that the Legislature would have passed one without the other, then if one part falls the entire act must fall.

*Id.* at 94, 128 P. at 556. In *Ferbrache,* this Court held that the unconstitutional voter requirements contained in an act relating to drainage districts could not be severed in favor of allowing the state's general election statutes to control. *Id.* The Court reasoned that the unconstitutional voting requirements were "specific requirements of the legislative enactment, and no doubt [were] an inducement for the passage of such act." *Id.*

In this case, the district court correctly held that the Resort County Act was unconstitutionally limited to Kootenai County, but then reasoned that the very population requirements that so limited the Act were not integral provisions. The Resort County Act does not contain a severability clause, which suggests that the legislature intended for the Act to stand or fall as a cohesive unit, rather than containing severable provisions.

**502**

Additionally, the language of the Resort County Act demonstrates that the legislature was intent on strictly limiting the type of county that may enact a local sales tax. The population requirements were not included by mistake; rather, they constitute one of the major defining characteristics of the Resort County Act. They are therefore integral or indispensable to the operation of the Act. A removal of those limitations by this Court, while perhaps rendering the Resort County Act constitutional, would be a legislative act.

 We hold that the population requirements in the Resort County Act are not severable, and the entire Act is unconstitutional. Consequently, Kootenai County Ordinance No. 293 is null and void. The issue as to whether any of the taxes thus far collected pursuant to that ordinance are subject to being refunded has not been raised. We reverse the district court's decision to grant summary judgment in favor of Kootenai County.

Because we reverse the district court's grant of summary judgment on the basis that the Resort County Act is an unconstitutional local and special law, we do not address Concerned Taxpayers' other arguments for invalidating the Act.

### IV.

### CONCLUSION

The population requirements contained in the Resort County Local Option Sales Or Use Tax Act, Idaho Code sections 63–2601 through 2608, render the entire Act unconstitutional as a local and special law. Consequently, Kootenai County Ordinance No. 293 is null and void. We reverse the district court's decision granting summary judgment in favor of Kootenai County. Costs on appeal are awarded to the appellants.

Justices SCHROEDER, WALTERS and EISMANN concur. Chief Justice TROUT heard oral argument, but did not participate in the final decision.