McCarty v. Fremont.

<hr/>

## McCARTY v. FREMONT et al.

THE different causes of action which are allowed by the sixty-fourth section of the Practice Act to be united in one complaint should be separately stated.

The owner of real estate has a right to remove a trespasser from his premises, using, however, only so much force as may be necessary for that purpose.

If the damages assessed by the verdict of a jury are clearly excessive, and were evidently given under the influence of passion or prejudice, the Appellate Court will grant a new trial.

APPEAL from the Thirteenth Judicial District, Mariposa County.

The facts are stated in the opinion of the Court.

*D. W. Perley*, for Appellant.

The plaintiff has united several causes of action in his complaint, to wit: Injuries to personal property with injuries to real property. He has also united injuries to his person with injuries to both real and personal property. He has also united with the aforesaid actions, an action for a false imprisonment; which could not be done under the statute. (Pr. Act, Sec. 64; How. N. Y. Code, 284, 287.)

Another defect in the complaint is this: These causes of action, if they could be united, should have been separately stated, and the separate damages alleged for each injury. This was not done,

but general damages claimed for all the injuries united.   The one hundred and sixty-seventh section of the New York Code is like the sixty-fourth section of the California Code, and the New York authorities are applicable.   (How. N. Y. Code, 287; 8 How. Pr. 177; 6 Id. 131; 4 Id. 226.)

*Harris, Merritt, & Deering,* for Respondents.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON J. concurring.

This is an action to recover damages for alleged injuries to the person and property of the plaintiff, and for false imprisonment of the plaintiff's person, for forcibly ejecting him from a house and premises alleged to have been in plaintiff's possession, and keeping him out of the possession thereof.   The defendants demurred to the complaint, but it was overruled by the Court.   Sec. 64 of the Practice Act provides that the plaintiff may unite several causes of action in the same complaint, when they all arise out of certain classes of contracts or injuries as therein stated under seven different heads; the sixth class being injuries to the person, and the seventh, injuries to property.   " But the causes of action so united shall all belong to only one of these classes, and shall affect all the parties to the action, and not require different places of trial, and shall be separately stated."   In the present case the complaint includes two, if not three, of these several classes; and instead of being separately stated, they are all united in one count.   This is a clear violation of the provisions of the Practice Act.

The evidence shows that an old dilapidated building, of little or no value, upon the " Mariposa Ranch," in Mariposa County, owned by the defendant Fremont, had been occupied by some Chinese, as tenants of one Smith, who acted as the agent of one Luce.   Fremont, being desirous of erecting a mill and other buildings at that place, made an agreement with Smith, by which the latter authorized him to take possession of the building, upon making arrangement with the Chinese then in possession, which he did, and they soon afterwards, at his request, left the premises.   The plaintiff, it seems, rented the building of Smith for a small sum, and when the

agents and employés of Fremont went there they found the plaintiff in the building, which was, however, destitute of furniture, claiming possession and refusing to leave. They thereupon forcibly removed him; and for this alleged injury he brought this action, claiming damages in the sum of $7,000. The jury returned a verdict for $1,000 damages, and judgment was rendered accordingly; from which, and from an order refusing a new trial, they take this appeal, and one ground of error assigned is that the damages are excessive. The evidence shows, and it is not controverted, that Fremont was the owner of the land; that the building was erected by one Hammett; that Luce was merely his agent to rent it, and that Hammett had, prior to these transactions, authorized Fremont to take possession. Smith had no authority from Hammett to rent it, nor did Luce have any right to vest such a power in him. It is clear, therefore, that the plaintiff had no right to the possession, and was a trespasser in his attempts to obtain the possession. The plaintiff was not, in fact, in possession of the property, but he was attempting to secure the possession when removed by the defendants. Under these circumstances, the defendants had a right to remove him from the premises, using, however, only so much force as was necessary for that purpose. It does not appear that any unnecessary or any serious injury was caused to the plaintiff by their acts. The damages, under these circumstances, even if the plaintiff had been entitled to recover any, are clearly excessive, and were evidently given under the influence of passion and prejudice.

The judgment is reversed and the cause remanded.