[L. A. No. 876.    Department One.—September 17, 1900.]

ROSE PROCTER, Respondent, v. SOUTHERN CALIFORNIA RAILWAY COMPANY, Appellant.

ACTION FOR DAMAGES—EJECTION OF RAILWAY PASSENGER—PLEADING—INJURY TO "GOOD NAME."—In an action to recover damages for the unlawful ejection of the plaintiff from the passenger cars of the defendant railway company, no damages can be allowed for injury to the "good name" of the plaintiff. An averment of such injury in the complaint renders it subject to a demurrer for uncertainty, and is subject to a motion to strike it out.

ID.—MISJOINDER OF CAUSES OF ACTION.—Where the injury to plaintiff's "good name" is not alleged as a separate cause of action, but only as one of several injuries alleged, the complaint is not

thereby rendered subject to a demurrer for misjoinder of causes of action.

Id.—Absence of Evidence—Finding—Harmless Surplusage.—Where no evidence was introduced at the trial to show any injury to plaintiff's "good name," the averment thereof in the complaint and a finding based upon such averment will be deemed harmless surplusage, which could not have prejudiced the defendant, and will not be held ground for reversal upon appeal.

Id.—Separation of Plaintiff from Baggage—Proper Evidence—Damages Occasioned—Discretion.—In such action it is proper to show that the plaintiff's baggage was carried away from the plaintiff when ejected from the cars, and that plaintiff was thereby compelled to buy additional clothing; and the mental and physical distress of plaintiff, and any pecuniary loss thereby occasioned, may be taken into account in fixing the damages. Such damages are not susceptible of computation, and are within the sound discretion of the judge or jury passing upon the evidence.

Id.—Improper Items of Compensation—Price of Clothing—General Damages.—The price of the clothing purchased is not a proper item of compensation in damages, and a special allowance therefor should be omitted from the judgment. The damages for separation from the baggage and for any loss or inconvenience thereby occasioned must be deemed compensated by the finding of general damages.

Id.—Deprivation of Through Ticket—Cost of Passage from Place of Ejection.—The plaintiff is entitled to recover the cost of a ticket from the place of wrongful ejection to the place of the plaintiff's destination, as damages for the wrongful taking from plaintiff by the conductor of a through ticket belonging to the plaintiff.

Id.—Damages not Excessive.—Under the circumstances of this case, an award of general damages in the sum of four hundred and sixty dollars and fifty cents for the unlawful ejection of the plaintiff from the cars of the defendant is held not excessive, without taking into account any injury to the good name of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

C. N. Sterry, and Henry J. Stevens, for Appellant.

Winder, Creighton & Davis, and F. G. Hentig, for Respondent.

GRAY, C.—The defendant appeals from a judgment in plaintiff's favor and from an order denying a new trial.

The action is to recover damages for an unlawful ejectment of plaintiff by defendant from one of its passenger trains at Pasadena. The case was tried before the court without a jury, and plaintiff was awarded damages in the amount of five hundred and seventy-five dollars. The defendant admitted that its act in taking plaintiff's ticket and ejecting her from the train was wrongful.

It appears that plaintiff, a colored woman, was traveling on a round trip ticket from Cincinnati, Ohio, and boarded defendant's train at Los Angeles, intending to return to Cincinnati. A conductor of defendant, on examining her ticket, directed her to write her name, which she did. He then told her it was not her name on the ticket and that the ticket was bought in Los Angeles, and repeated this two or three times. Plaintiff's name and her correct description were on the ticket. Plaintiff informed him that "we [meaning herself and another colored woman who was with her] bought these tickets at Cincinnati." The conductor then said: "You will either have to pay your way or get off at the next station." He retained plaintiff's ticket, and on her subsequently addressing him with the inquiry, "Can you tell me what is the matter with these tickets, so I can write to Mr. Near, the gentleman who bought the tickets for me, right away?" he made no reply. The plaintiff and her companion testify that the conductor talked loud to them, and the plaintiff says: "He spoke very abrupt at the first when he contradicted our name was on the ticket." A witness for defendant, Thomas Duzan, testifies that the women "broke out crying," when talking with the conductor. The plaintiff, as a witness, in describing the effect of the conductor's conduct, says: "Well, I felt very bad, and also I felt like the ground could just open and swallow me when I was put off at Pasadena. There was every eye on us, looking at us." Lizzie Riley was asked, "What was the manner of this conductor?" to which she replied: " 'Well,' he says, 'I am going to take them up, and if you want to go on, pay your fare, or else get off.' " Presumably, the manner of the conductor was illustrated in this answer of the witness, and it was doubtless upon

this as well as upon the testimony of plaintiff that the trial court based the finding that the conductor "said to plaintiff in an insolent and impudent manner, and in a loud voice, and within the hearing of the other passengers on said car, 'You bought this ticket in Los Angeles and you will have to get off this car or pay your fare.'" Plaintiff's baggage was carried on to Cincinnati, leaving her with no clothes except those she was wearing, and she was compelled thereby to buy clothes costing thirty-seven dollars and twenty-five cents.

It was stipulated that the cost of a ticket such as that taken from plaintiff was seventy-seven dollars and fifty cents.

The complaint states the facts for the most part in the form usual in actions of this character. There was a motion to strike out parts of the complaint, and a demurrer for uncertainty and misjoinder of causes of action upon which the appellant bases his most serious contention for a reversal. The parts of the complaint necessary to be stated on this point are as follows: "That the cost of a first-class ticket and a first-class passage from the town of Pasadena on the trains of defendant, over the route hereinbefore mentioned and described, to the said city of Cincinnati was at the time mentioned one hundred and twenty dollars. . . . . . Plaintiff alleges that said ticket was in every way regular; that the same was the property at all times of the plaintiff; that plaintiff's name was Procter, as stated in this complaint; that said ticket entitled plaintiff to be a passenger upon the said train from the city of Los Angeles to the said town of Barstow; and that defendant wrongfully, willfully, and with intent to harass and annoy plaintiff, caused plaintiff to leave the said train at an intermediary station, to wit, the said Pasadena; that said defendant so caused plaintiff to leave the said train without any lawful cause, and refused to carry plaintiff according to its contract in said ticket as aforesaid, and at said station of Pasadena left plaintiff to pursue her journey on foot or to return to said city of Los Angeles; that by reason of the said conduct upon the part of defendant, plaintiff was unable to complete her journey to the said city of Cincinnati, Ohio, and was put to great trouble and expense, and suffered great loss thereby, and was injured and wounded in her feelings and good name, and suffered great dis-

tress, and that by reason of the said premises herein mentioned said plaintiff has suffered damages of and by defendant in the sum of five thousand dollars ($5,000).

"Wherefore, plaintiff prays judgment against defendant, the Southern California Railway Company, a corporation, for the sum of five thousand dollars and costs of suit."

Appellant contends that his motion to strike from the complaint the words "and good name" should have been granted, and we think this contention correct. The plaintiff's action was based on the act of the conductor in taking away her ticket and ordering her off the train, and she was not entitled to recover for any injury to her good name occasioned thereby. (*Schmitt v. Milwaukee St. Ry. Co.*, 89 Wis. 195.) It seems to be conceded that there was no evidence given at the trial to show that she had suffered any injury to her good name. The words should have been stricken out as surplusage, and we think even on this appeal they should be regarded as surplusage and entirely immaterial. We may also regard the same language in the findings as immaterial and reject it as having no support in the evidence; and yet if the findings without these words support the judgment, as we think they do, it should not be reversed merely on account of the technical error of the court in refusing to strike them out or in failing subsequently to treat them as immaterial. (*Sloane v. Southern California Ry. Co.*, 111 Cal. 668.) Where it can be seen that the damages found by the court are not excessive, on the facts as they were developed at the trial, the case should not be reversed merely because the court inserted something in the finding that had no foundation in the evidence. This can best be illustrated by an examination of the finding complained of, which is as follows:

"The ticket of plaintiff was in all respects regular. The action of defendant's train agent Brown in thus causing plaintiff to leave the train was wrongful, and plaintiff thereby was unable to complete her journey to Cincinnati; she was thereby put to great trouble, and was thereby injured and wounded in her feelings and good name, and thereby defendant caused plaintiff to suffer damages in the sum of four hundred and sixty dollars and fifty cents, which sum the court finds as plaintiff's general damages in the premises."

We think under all the circumstances that four hundred and sixty dollars and fifty cents was not an excessive amount to compensate plaintiff for the trouble and injury she suffered by reason of the wrongful acts of defendant, without taking into account any injury to her good name.

Had the words "and good name" been stricken out, the complaint would have been free from any serious objection, and though, perhaps, the complaint with those words left in was demurrable, and the court erred as well in overruling the demurrer as in not granting the aforesaid motion, yet we are confident that the defendant could not have been misled or in any way prejudiced thereby; and after the case has gone to judgment it will not be reversed for mere error, when it can be seen that no substantial right of the party was thereby prejudiced. (*Sloane v. Southern California Ry. Co., supra; Irish v. Sunderhaus,* 122 Cal. 308; *Alexander v. Central Lumber etc. Co.,* 104 Cal. 532.) The injury to "good name" was not alleged as a separate cause of action in the complaint, but only as one of several injuries resulting to plaintiff from the one cause of action alleged. There was, therefore, no misjoinder of "causes of action."

It was proper to show that plaintiff was separated from her baggage by the act of defendant as one element of damage, and we think there was no error in permitting her to show that she was compelled thereby to buy additional clothing, but we do not think the measure of damages, to wit, the price of the clothing so purchased, adopted by the court was the proper one. The fact that plaintiff's trunk was carried on to Cincinnati no doubt resulted in some pecuniary loss, which might have been shown and taken into account in fixing the damages. Also the fact that a woman was separated from her baggage, several thousand miles from her home, is no inconsiderable trifle in estimating the amount of damage resulting from the mental and physical distress that she suffered. Such damages are not susceptible of computation, but their amount is within the sound discretion of the judge or jury hearing the evidence.

Appellant complains that the findings in several particulars are not supported by the evidence. A careful examination of the findings and evidence in connection with these objections

discloses that in many of the said particulars the findings have ample support in the evidence, and in the others the findings relate to facts which are merely probative and are not essential to uphold the judgment.

The general damages fixed do not appear to be excessive. We think, also, that the plaintiff was entitled to recover seventy-seven dollars and twenty-five cents, the stipulated cost of a ticket from Pasadena to Cincinnati. But the thirty-seven dollars and twenty-five cents, given plaintiff in the judgment on account of clothes, we think should not have been allowed, for the reason already stated, and also because we think the plaintiff properly compensated for any injury occasioned by being separated from her trunk in the general damages given her in the judgment.

We therefore advise that the judgment and order denying a new trial be reversed, unless the plaintiff shall, within thirty days after the filing of the *remittitur* in the superior court, file with the clerk and give to the defendant a stipulation remitting from the judgment the sum of thirty-seven dollars and twenty-five cents. If such stipulation be so filed and delivered, the superior court should be directed to amend the judgment in conformity therewith, and thereupon the judgment and order should stand affirmed, appellants to recover the costs of the appeal.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed, unless the plaintiff shall, within thirty days after the filing of the *remittitur* in the superior court, file with the clerk and give to the defendant a stipulation remitting from the judgment the sum of thirty-seven dollars and twenty-five cents. If such stipulation be so filed and delivered, the superior court is directed to amend the judgment in conformity therewith, and thereupon the judgment and order stand affirmed, appellants to recover the costs of the appeal.

Harrison, J., Garoutte, J., Van Dyke, J.