[Civ. No. 8839. Second Appellate District, Division Two.—December 10, 1934.]

GEORGE B. PRATT, Appellant, v. E. J. VAUGHAN et al., Respondents.

Elbert E. Hensley and John H. Klenke for Appellant.

W. I. Gilbert for Respondents.

SCOTT, J., *pro tem.*—Plaintiff appeals on the judgment roll from judgment for defendant. An accident occurred involving the automobiles of the respective parties. This plaintiff sued defendant in the municipal court for damages to property arising out of the accident, claiming that defendant was negligent. The defense of contributory negligence was interposed. The municipal court found for defendant and judgment was entered. Plaintiff brought this suit in the superior court based on the same accident, seeking damages for personal injuries. Thereafter judgment became final in the municipal court action, and before trial of the instant case defendant was permitted to amend his answer herein, pleading the judgment in the earlier case as a defense and alleging that the "facts and matters alleged" in this case are *res judicata* by virtue of the former action. The superior court tried the case, found defendant was negligent and plaintiff was not negligent, but also found as to each of said issues that it "was judicially passed upon, adjudicated and determined in the manner hereinafter set forth in these findings"; and further found that the same issue as to parties, accident, negligence and contributory negligence was raised by the pleadings in the municipal court case above referred to, and was determined adversely to plaintiff, concluding that such adjudication "conclusively settled the rights of the parties thereto". Judgment was thereupon rendered for defendant.

Appellant contends that "the damage to property and injury to person, although resulting from the same wrong, are infringements of different rights and give rise to separate causes of action, and the recovery under one cause of action can not be pleaded in bar of a recovery on the other cause of action". This contention overlooks the

true basis for the determination of the case by the trial court.

"There is a clear difference between the effect of a judgment as a bar to a subsequent action of an identical nature and the effect of a decision upon issues in controversy when such a decision is pleaded not as a bar to a subsequent action of an identical nature but only as an estoppel against further litigation of those issues." (*Detwiler* v. *Clune*, 77 Cal. App. 562, at p. 575· [247 Pac. 264].) "Treated from the standpoint of its use as a piece of evidence, it (a former judgment) may be produced when specifically pleaded as an estoppel . . . as evidence of some material fact in the cause of action on trial, the truth of which both parties are estopped from denying. . . . The judgment gives an indefinite life and irrebuttable probative force to any fact found by the judgment to be true." (*Estate of Clark*, 190 Cal. 354, at p. 361 [212 Pac. 622].) The judgment in the municipal court action operated as an estoppel to preclude this appellant from contending to the contrary of those matters of fact, to wit, the issues of negligence and contributory negligence, which were put in issue and solemnly found against him. (*Koehler* v. *Holt Mfg. Co.*, 146 Cal. 335 [80 Pac. 73].)

The suggestion by appellant that in the first action the true party in interest as plaintiff was an insurance company and that, therefore, the capacity of plaintiff was not the same in the two cases, although it was the same party, does not find any support in the record presented to us.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.