[L. A. No. 29615.   In Bank.   Apr. 15, 1969.]

RAY C. HOLMES et al., Plaintiffs and Appellants, v. DAVID H. BRICKER, INC., Defendant and Respondent.

Ira Jacoves, Gilbert, Thompson & Kelly and Jean Wunderlich for Plaintiffs and Appellants.

Dulaney W. Palmer for Defendant and Respondent.

TRAYNOR, C. J.—Plaintiffs brought this action in the municipal court to recover damages for injury to their automobile. The court sustained defendant's demurrer to the complaint without leave to amend on the ground that the action was barred by a judgment plaintiffs had obtained for personal injuries suffered in the same accident. Plaintiffs appeal from the ensuing judgment of dismissal.[1]

On August 24, 1962, plaintiffs purchased a used automobile from defendant. The contract of sale contained an express warranty that ''The used car sold herein is hereby warranted to be in good operating condition and to remain in such condition under normal use and service for a period of 30 days or 1000 miles, (whichever comes first) after delivery.'' On September 15, 1962, while Mr. Holmes was driving and Mrs. Holmes was riding as a passenger, the automobile crashed into a fixed object along a downgrade on a mountain road, causing injuries to plaintiffs and damage to the automobile.

On September 6, 1963, plaintiffs filed an action against defendant in the superior court to recover damages for their personal injuries. Their complaint pleaded five causes of action, each of which alleged that the accident was caused by defective brakes. The first cause of action sought recovery for breach of the express warranty quoted above; the second alleged breach of other express warranties and of the implied warranties of merchantability and fitness for the purpose intended; the third alleged defendant's failure to test and adjust the brakes as required by Vehicle Code section 24007; the fourth alleged negligent servicing, testing, and inspecting;

---

[1]Plaintiffs' motion to reconsider was denied, and the judgment of dismissal was affirmed by the appellate department of the superior court and by the Court of Appeal upon certification of the cause to that court under rule 63(a) of the California Rules of Court.

and the fifth sought recovery on the basis of fraudulent representation that the automobile was in good condition.

On March 9, 1967, a jury returned a verdict for plaintiffs for $49,400, and the judgment entered on the verdict has become final.

On February 23, 1966, while the personal injury action was pending, plaintiffs filed this action against defendant in the municipal court for $1,138.12, the amount of damage to the automobile in the 1962 accident. The complaint pleaded two causes of action. The first was based on the express warranty in the purchase agreement. It was identical with the first cause of action in the 1963 personal injury complaint except for the damages alleged. The second sought recovery on the basis of fraudulent misrepresentations. It was dismissed by stipulation and thereafter the court sustained defendant's demurrer to the complaint without leave to amend, on the ground that "Plaintiff could and should have urged in the Superior Court action, the claim that is now made in the first cause of action."

Plaintiff contends that the trial court's ruling is contrary to the settled rule that conduct that simultaneously causes harm both to the person and to the property of one individual gives rise to two separate and distinct causes of action, one for violation of the right to freedom from legally impermissible interference with the integrity of the person and one for violation of the right to quiet enjoyment of property. This application of the primary rights theory of causes of action in California was first reflected in the permissive joinder provisions of the practice act of 1851 based on the original Field Code. (Stats. 1851, ch. 5, § 64, pp. 59-60.) [2] Those provisions distinguished between causes of action arising out of injuries to person and causes of action arising out of injuries to property and did not recognize any cause of action that would include tortious injuries to both person and property. Al-

---

[2] "The plaintiff may unite several causes of action in the same complaint, when they all arise out of:

"1st. Contracts, express or implied; or,

"2d. Claims to recover specific real property . . . or,

"3d. Claims to recover specific personal property . . . or,

"4th. Claims against a trustee, by virtue of a contract, or by operation of law; or,

"5th. Injuries to character; or,

"6th. Injuries to person; or,

"7th. Injuries to property. But the causes of action so united shall all belong to one only of these classes, and shall affect all the parties to the action, and not require different places of trial, and shall be separately stated."

though the Legislature has broadened the scope of permissible joinder of causes of action since 1851, it has consistently recognized, both in the joinder provisions (see, e.g., Code Civ. Proc., § 427; Stats. 1915, ch. 28, § 1, p. 30; Stats. 1855, ch. 155, § 4, pp. 196-197) and in the applicable statutes of limitation (Code Civ. Proc., §§ 340.3 [injury to person] and 338.3 [injury to property]) that the causes of action for injuries to person and property are separate. The cases and the commentators are in accord. (*Todhunter* v. *Smith* (1934) 219 Cal. 690, 693 (dictum) [28 P.2d 916]; *Bowman* v. *Wohlke* (1913) 166 Cal. 121 [135 P. 37, Ann. Cas. 1915B 1011]; *Lamb* v. *Harbaugh* (1895) 105 Cal. 680 [39 P. 56]; *McCarty* v. *Fremont* (1863) 23 Cal. 196; *Morgan* v. *French* (1945) 70 Cal. App.2d 785, 787 (dictum) [161 P.2d 800]; *Pratt* v. *Vaughan* (1934) 2 Cal.App.2d 722 [38 P.2d 799]; *Ross* v. *Goins* (1921) 51 Cal.App. 412 [197 P. 132]; *Weisshand* v. *City of Petaluma* (1918) 37 Cal.App. 296, 302 [174 P. 955]; *Schermerhorn* v. *Los Angeles Pac. R.R. Co.* (1912) 18 Cal.App. 454 [123 P. 351]; see 3 Witkin, Cal. Procedure (1954) Judgment § 64(b); Toelle, *Joinder of Actions With Special Reference to the Montana and California Practice* (1930) 18 Cal.L.Rev. 459, 468; (1952) 40 Cal.L.Rev. 412, 416; (1948) 1 Stan.L.Rev. 156; (1935) 23 Cal.L.Rev. 101, 101-103; (1929) 3 So.Cal.L. Rev. 63, 64; 29 Cal.Jur.2d Judgments (1956) § 259, p. 226; Annot., 62 A.L.R.2d 977, 1001, 1005; Annot., 64 A.L.R. 663, 670; Annot., 47 A.L.R. 536, 538; 51 L.R.A. 319 (1914).)

*Kidd* v. *Hillman* (1936) 14 Cal.App.2d 507 [58 P.2d 662], *Commercial Standard Ins. Co.* v. *Winfield* (1938) 24 Cal.App. 2d 477 [75 P.2d 525], and *Pacific Indem. Group* v. *Dunton* (1966) 243 Cal.App.2d 504 [52 Cal.Rptr. 332], invoked by defendant, are not to the contrary. In each of these cases a former judgment had included recovery for both personal injuries and property damage growing out of an automobile accident and the court recognized that the former judgment could be pleaded as a defense to a later action for additional property damage. Accordingly, they involved only the application of the settled rule that a separate cause of action does not arise for each separate item of property damaged as a result of one tortious act. (*Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 572 [110 P.2d 1025].)

In the present case, however, plaintiffs have not pleaded a cause of action for tortious injury to their automobile, but for breach of the express written warranty in the contract of sale. The breach alleged is the identical breach of

warranty alleged in their first cause of action in the prior suit. Accordingly, the crucial question is whether a single breach of the express warranty gave rise to two causes of action when it resulted in injury to both the persons and the property of plaintiffs. We hold that it did not. The warranty pleaded in this case was essentially contractual in character. It was created by agreement of the parties; it did not arise by operation of law; and it was subject to negotiation and modification at the time the contract was entered into. Under these circumstances the applicable rule is that all damages for a single breach of contract must be recovered in one action. (*Coughlin* v. *Blair* (1953) 41 Cal.2d 587, 598 [262 P.2d 305]; *Abbot* v. *76 Land & Water Co.* (1911) 161 Cal. 42 [118 P. 425]; see 4 Corbin on Contracts (1951) §§ 946, 948 and 955; 1 Williston on Sales (rev. ed. 1948) § 197; Rest., Contracts, § 327, (b); see also, *Proctor* v. *Southern Cal. Ry. Co.* (1900) 130 Cal. 20 [62 P. 306, 509]; *Jones* v. *S. S. Cortes* (1861) 17 Cal. 487 [79 Am.Dec. 142].)

The judgment is affirmed.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.