Mitsue TAKAHASHI,
Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF LIVING-
STON UNION SCHOOL DISTRICT,
Fred Kishi, Dennis Steffensen, Janet
Martin, Charla Soto, and Robert Weim-
er, in their official capacities as mem-
bers of the Board of Trustees of Living-
ston Union School District, Defend-
ants-Appellees.

No. 85–1755.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 1985.

Decided Feb. 21, 1986.

Mary Louise Frampton, Frampton,
Karshmer & Kesselman, Fresno, Cal., for
plaintiff-appellant.

Paul Loya, Janae H. Novotny, Atkinson,
Andelson, Loya, Rudd & Romo, Pleasanton,
Cal., for defendants-appellees.

Before GOODWIN, NELSON and CAN-
BY, Circuit Judges.

CANBY, Circuit Judge:

Mitsue Takahashi appeals the district
court's dismissal of her action on the
ground of res judicata. The district court
held that Takahashi's action, brought un-
der 42 U.S.C. §§ 1981 and 1983 against the
Board of Trustees of Livingston Union
School District and individually named de-
fendants (collectively "the District"), was
barred by a prior unsuccessful litigation

brought by Takahashi against the District in a California state court. We affirm.

## FACTS

From August 1960 to November 1980, Mitsue Takahashi, a female United States citizen of Japanese ancestry, was employed as a high school teacher by the Livingston Union School District.

On June 26, 1980, Takahashi received a notice of accusation filed by the superintendent of the District alleging that cause existed for her dismissal because of her failure to maintain a suitable learning environment in her junior high school classroom. Takahashi requested a hearing on this charge before the Commission on Professional Competence. On November 6, 1980, the Commission issued its two-to-one decision concluding that Takahashi was incompetent to teach and ordering her dismissal.

Takahashi commenced a proceeding in mandamus in the Superior Court of the State of California for the County of Merced to compel the Commission to set aside its decision. After receiving an adverse judgment, Takahashi appealed to the Court of Appeal for the Fifth Appellate District. The Court of Appeal found that (1) Takahashi had no right to reinstatement based on the District's failure to evaluate her performance pursuant to the Stull Act, California Education Code § 44660 *et seq.* and (2) substantial evidence supported the trial court's finding that cause existed for Takahashi's dismissal. *California Teachers Ass'n. v. Governing Board,* 144 Cal. App.3d 27, 192 Cal.Rptr. 358 (1983). Takahashi's subsequent petitions to the California Supreme Court for review and to the Supreme Court of the United States for a writ of certiorari were denied.

On November 10, 1983, having exhausted the channels for direct judicial review of her dismissal, Takahashi filed the present action in the United States District Court for the Eastern District of California. Takahashi's complaint alleged that the District violated her rights under the fourteenth amendment to the United States Constitu-

tion and 42 U.S.C. §§ 1981 and 1983 by (1) terminating her employment on account of her sex and ethnic origin, (2) terminating her employment on the basis of the impermissibly vague requirement that she maintain a suitable learning environment in her classroom, and (3) employing methods of evaluating her job performance that were different from those employed to evaluate the performance of others similarly situated. Takahashi requested compensatory damages for lost wages and mental distress as well as punitive damages.

The District answered Takahashi's complaint by pleading *inter alia* the defense of res judicata. At the direction of the district court, the District moved for a judgment on the pleadings under Fed.R.Civ.P. 12(c) or summary judgment under rule 56(c). On January 3, 1985, the district court granted the District's motion for summary judgment and dismissed Takahashi's complaint on the ground that her action was barred by res judicata.

## ANALYSIS

I. *The District's Failure to Submit into Evidence the Record of the Prior Adjudication*

■ Takahashi initially contends that the district court erred in holding that her claims were barred by res judicata because the District had failed to submit into evidence the record established by the state trial court. We reject this contention.

In support of her position that the submission of the record of the prior adjudication is a condition precedent to a finding of res judicata, Takahashi cites *Guam Investment Co. v. Central Building, Inc.,* 288 F.2d 19 (9th Cir.1961). In *Guam Investment,* we stated,

It appears to us that before an action may be summarily dismissed on the ground of res judicata the ends of justice require as a minimum that the defense of res judicata appear from the face of the complaint or that the record of the prior case be received in evidence.

*Id.* at 24. Takahashi erroneously construes this language as imposing a strict pleading or evidentiary requirement for the assertion of the res judicata defense.

In *Guam Investment,* we were faced with "uncontroverted allegations" about "matters which occurred subsequent to the judgment ... in the prior case," *id.,* and were concerned that such allegations not be disposed of upon a bald pleading of res judicata, *id.* at 23. In the present case, there are no such outstanding factual allegations and the District has submitted sufficient evidence to allow the evaluation of its res judicata defense. When the moving party has "introduce[d] a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action," there is no need for the entire record of the prior litigation to be submitted into evidence. *Hernandez v. City of Los Angeles,* 624 F.2d 935, 937 (9th Cir.1980). *See also Jones v. Gann,* 703 F.2d 513, 515 (11th Cir.1983) (res judicata defense may be raised "by introducing sufficient information into the record to allow the court to judge the validity of ... the defense"). As will be shown, in the present case we are able to evaluate the merits of the District's res judicata defense from the evidence on hand.

## II. *Preclusion of Section 1983 Claims by State Court Judgments*

▮ Takahashi next contends that her claims brought under section 1983 may not be barred by a prior unsuccessful litigation in California state court. In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court considered whether a § 1983 claim brought in federal court was subject to collateral estoppel by a prior state court judgment where the state court had provided the federal plaintiff a full and fair opportunity to litigate his federal claims. The Court rejected the argument that Congress in enacting 42 U.S.C. § 1983 "intended to repeal or restrict the traditional doctrines of

preclusion." *Id.* at 98, 101 S.Ct. at 417. In *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 897–98, 79 L.Ed.2d 56 (1984), the Court explicitly extended the rule of *Allen v. McCurry* to cover claim preclusion, the aspect of res judicata asserted by the District, as well as collateral estoppel.

Takahashi seeks to distinguish *Migra* on the grounds that the plaintiff in *Migra,* unlike herself, could have proceeded first in a federal court. In *Allen,* however, the Supreme Court found that collateral estoppel was applicable to the plaintiff's claims notwithstanding the fact that the plaintiff, a former state criminal defendant, was forced to litigate his federal claim in the first instance in state court on pain of losing his right to habeas corpus relief. The Court stated,

> There is ... no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.

*Id.* 449 U.S. at 104, 101 S.Ct. at 420. We similarly conclude that any procedural disadvantages which might have accrued to Takahashi had she attempted first to litigate her § 1983 claims in a federal forum are insufficient to justify an exception to the traditional doctrines of preclusion.[1]

## III. *California Law of Res Judicata*

▮ Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra,* 104 S.Ct. at 896. Accordingly, we look to California law to determine the claim-preclusive effect that the judgment entered in Takahshi's first suit has upon her present action.

1. Takahashi relies on a contrary implication appearing in *Migra,* 104 S.Ct. at 898 n. 7. That footnote is dictum, consisting primarily of Justice Blackmun's explanation and reconciliation of his positions in *Allen,* from which he dissented, and *Migra,* which he authored.

Under California law, "[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action." *Slater v. Blackwood,* 15 Cal.3d 791, 795, 126 Cal. Rptr. 225, 226, 543 P.2d 593, 594 (1976); *see* 3 Witkin *California Procedure* Judgment § 249 (1985). To determine the scope of causes of action, California courts employ the "primary right theory." Under this theory, "the violation of one primary right gives rise to a single cause of action." *Slater,* 15 Cal.3d at 795, 126 Cal.Rptr. at 226, 543 P.2d at 594. Because we conclude that Takahashi's present action is based on the violation of the same primary right as her earlier action, we find Takahashi's present action barred.

■ Takahashi's first action was based on the invasion of her contractual right to employment by the District. In that litigation, Takahashi challenged the Commission's finding that cause existed for the termination of her contract.[2] Contractual rights are a species of primary rights. *See Holmes v. David H. Bricker, Inc.,* 70 Cal.2d 786, 76 Cal.Rptr. 431, 452 P.2d 647 (1969) (breach of express warranty creates single cause of action); *Sawyer v. First City Financial Corp.,* 124 Cal.App.3d 390, 177 Cal.Rptr. 398 (1981) (failure to pay note distinct violation from tortious destruction of note's value).

In the present action, the identical primary right—the contractual right to employment—is at stake. In determining the primary right at stake, "the significant factor is the harm suffered." *Argarwal v. Johnson,* 25 Cal.3d 932, 955, 160 Cal.Rptr. 141, 155, 603 P.2d 58, 72 (1979). Absent termination of her employment contract, Takahashi suffered no harm. Takahashi's allegations of mental distress caused as a result of her dismissal do not present a separate injury.[3] Rather, any such distress

would be a consequence of the District's violation a Takahashi's primary contractual right. Consequential damages cannot support a separate cause of action. *Reichert v. General Insurance Co.,* 68 Cal.2d 822, 832, 69 Cal.Rptr. 321, 326, 442 P.2d 377, 382 (1968); *compare Argarwal v. Johnson,* 25 Cal.3d at 955, 160 Cal.Rptr. 141, 603 P.2d 58 (action for intentional infliction of emotional distress resulting from unlawful discharge not barred because damages under Title VII not available for mental distress).

We reject Takahashi's characterization of the primary rights invaded by the District as,

the right to be treated in the same manner as a person of non-Japanese ancestry in the dismissal process, and ... the the right to be treated in the same manner as a person of non-Japanese ancestry and to be judged according to constitutionally adequate standards in the *teacher evaluation process.*

(Emphasis in original.) While stating the primary right asserted in her first action in constitutional terms, Takahashi has failed to alleged a new injury. "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief." *Slater,* 15 Cal.3d at 795, 126 Cal. Rptr. at 226, 543 P.2d at 594–95. By invoking the Constitution and § 1983, Takahashi has merely presented a new legal theory upon which she seeks recovery. *See City of Los Angeles v. Superior Court,* 85 Cal. App.3d 143, 155, 149 Cal.Rptr. 320, 326 (1978) (section 1983 action barred where it simply asks jury to look at merits of earlier conversion action from different angle); *see also Mattson v. City of Costa Mesa,* 106 Cal.App.3d 441, 164 Cal.Rptr. 913 (1980) (primary right at stake in § 1983 action same as in previous tort action).

---

**2.** Takahashi also challenged her dismissal on the ground that the Commission's evaluation of her performance was not in compliance with the Stull Act, California Education Code § 44660 *et seq.* To find Takahashi's present action barred, we need not rely on the primary right underlying this claim.

**3.** We do not read Takahashi's complaint as alleging any mental distress caused by the District's evaluation of her performance independent of that caused by the District's termination of her employment.

## IV. *Adequacy of Prior Forum*

Lastly, Takahashi objects to the district court's finding of res judicata on the ground that her hearing before the Commission on Professional Competence did not allow "a full presentation of the claim[s]" she now wishes to assert in federal court. Takahashi misapplies this defense to res judicata. The procedural adequacy of her hearing before the Commission is irrelevant. The judgment that bars her present action is not the decision of the Commission, but the judgment of the Superior Court of Merced County. Because Takahashi could have raised her constitutional claims before the Commission, *see* California Government Code § 11506(a)(5), there is no doubt that the trial court had jurisdiction to hear these claims under California Education Code § 44945. In addition, the trial court was fully competent to decide the merits of any claims raised before it. Thus, Takahashi was afforded an opportunity to make a full presentation of her constitutional claims.

The judgment of the district court dismissing Takahashi's action on the ground of res judicata is AFFIRMED.