74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Theodore R. MENDELSON, Plaintiff-Appellant,
v.
NEW HAMPSHIRE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-56088.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1995.
Decided Jan. 17, 1996.
 
 1
 Before: SCHROEDER and O'SCANNLAIN, Circuit Judges, and BURNS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Theodore R. Mendelson appeals the district court's dismissal of his diversity action against New Hampshire Insurance Company for breach of contract and the duty of good faith and fair dealing. The district court held that Mendelson's suit was, under California law, an impermissible attempt to split a cause of action. We affirm, because under California law, Mendelson, an assignor, cannot bring an action against New Hampshire that is separate from his partial assignee Nygard's earlier suit against New Hampshire. See Cain v. State Farm Mutual Auto. Ins. Co., 121 Cal.Rptr. 200, 207-08 (Cal.Ct.App.1975).
 
 
 4
 Mendelson's dispute with New Hampshire arose out of an action filed by Nygard against Mendelson for unfair business acts Mendelson allegedly committed while serving as Nygard's president. Mendelson tendered his defense to New Hampshire, maintaining that he was insured for liability in his capacity as president. New Hampshire's refusal to settle with Nygard on Mendelson's behalf resulted in Mendelson's action against New Hampshire. Mendelson settled his dispute with Nygard himself, and assigned to Nygard all of his claims against New Hampshire, except for certain personal injury claims. Mendelson and Nygard filed separate suits against New Hampshire arising out of these claims.
 
 
 5
 In California, as in most jurisdictions, a party may not split a cause of action and make it the basis of separate suits. Wulfjen v. Dolton, 151 P.2d 846, 848 (Cal.1944); Cain, 121 Cal.Rptr. at 207-08; Purcell v. Colonial Ins. Co., 97 Cal.Rptr. 874, 878 (Cal.Ct.App.1971). However, a party may assign a portion of its claims to an assignee as long as the assignor joins the assignee in the action arising from the claims. Cain, 121 Cal.Rptr. at 207-08. In Cain, the insured, Jew, assigned to Cain his right to sue his insurer for pecuniary losses arising from its bad faith refusal to settle, but retained his claims for physical injuries. Id. at 204. Jew and Cain then jointly filed an action against State Farm based on these claims. Id. The court held that Cain and Jew's claims did not constitute an impermissible split of a cause of action, but only because all of the claims were brought in one action. Id. at 208. Mendelson failed to utilize the procedure in Cain, endeavoring instead to bring a separate action after Nygard had already litigated its assigned claims in an earlier action. The district court correctly held that this was impermissible under California law.
 
 
 6
 This case is complicated somewhat by the fact that at the time Mendelson assigned his contract claims to Nygard, all of the parties were engaged in still different litigation in district court precipitated by the complaint filed by Aetna, another Nygard insurer, for declaratory relief. Mendelson may well have assumed that at the time of his settlement with Nygard, both the claims assigned to Nygard and the reserved claims would be litigated in the Aetna proceeding. The district court in that litigation, however, declined to entertain Nygard's assigned claims. Nygard, with full notice to Mendelson, then instituted a separate action. Mendelson did not join that action, choosing instead to litigate his reserved claims before the same district court that had refused to hear Nygard's assigned claims. After the district court refused to entertain the reserved claims, Mendelson filed this action. His action is tantamount to asking still a third court to litigate claims arising out of the same cause of action underlying Nygard's assigned claims. This clearly violates California policy.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3