NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

ALICIA WOLIN,

              Plaintiff-Appellant,

  v.

CITY OF LOS ANGELES, a municipality;
WILLIE WILLIAMS, BERNARD
PARKS, WILLIAM J. BRATTON,
JAMES MCDONNELL,

              Defendants-Appellees.

No. 11-55817

Dist. Ct. No. 2:10-cv-08306-CBM-
PJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted February 15, 2013
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and RAKOFF, Senior District
Judge.**

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Alicia Wolin appeals from the district court's judgment in favor of defendants in her action alleging that she was denied a promotion to Lieutenant of the Los Angeles Police Department because of her gender. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

This is Wolin's second judicial proceeding challenging defendants' alleged refusal to promote her to Lieutenant. Wolin previously petitioned the Superior Court of Los Angeles for a writ of mandate that would have overturned the administrative determination of the Los Angeles Police Department denying her claim for a promotion and back pay. After she lost in Superior Court and on appeal at the Court of Appeal, she brought the instant action alleging that the failure to promote has violated various state and federal laws. Because we conclude that Wolin's claim is barred by the doctrine of *res judicata*, we affirm the district court's judgment.

"It is settled that the doctrine of *res judicata* applies to judgments on the merits in proceedings in mandamus." *Hollywood Circle, Inc. v. Dep't of Alcoholic Beverage Control*, 55 Cal.2d 728, 733 (1961). Moreover, state court judgments have the same full faith and credit in federal courts as they do in the states in which they are rendered. Thus, a federal court called upon to determine the preclusive effect of a state judgment must apply the claim preclusion law of the state in which

2

the original judgment was rendered. *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010). Under California law, three requirements must be met to establish the defense of claim preclusion. The defendant must prove that "(1)[a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." *Boeken v. Philip Morris*, 230 P.3d 342, 348 (Cal. 2010) (quoting *People v. Barragan,* 83 P.3d 480, 492 (2004)).

Under California law, to determine whether two proceedings involve identical causes of action for the purpose of the claim preclusion analysis, courts apply the so-called "primary rights" theory. "Under this theory, a cause of action . . . . arises out of an antecedent primary right and corresponding duty[,] and the . . . breach . . . ." *Boeken*, 230 P.3d at 348. Furthermore, the most significant consideration under California's "primary rights" theory is the harm suffered by the plaintiff: "[t]he cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Id*.

In the instant case, the district court correctly determined that Wolin's actions in state and federal court involve the same "primary right." In both her

3

federal and state court proceedings, the harm about which Wolin complains is the defendants' allegedly wrongful refusal to grant her a promotion. Asserting her alleged primary right to a promotion under civil rights laws, as opposed to the consent decree, does not allege a new injury under California's claim preclusion law. *See Takahashi v. Bd. of Trustees of Livingston Union Sch. Dist.*, 783 F.2d 848, 851 (9th Cir. 1986).

We have considered Wolin's remaining arguments and find them to be without merit.

**AFFIRMED.**

*Wolin v. City of Los Angeles*, No. 11-55817

BERZON, Circuit Judge, dissenting:

I respectfully dissent. The majority's overall approach to the claim preclusion effect of a denial of mandamus is consistent with two of our prior cases, *Takahashi v. Board of Trustees of Livingston Union School District*, 783 F.2d 848 (9th Cir. 1986), and *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022 (9th Cir. 2005). But it is not consistent with an earlier opinion, *Gallagher v. Frye*, 631 F.2d 127 (9th Cir. 1980). California case law after *Gallagher* is somewhat murky, but my reading of the California Supreme Court cases indicates that, were it to address the question, the California Supreme Court would hold that denials of mandamus can have *issue* but not *claim* preclusive effect as to causes of action sounding in tort, or, by analogy, § 1983 actions. *See Kavanau v. Santa Monica Rent Control Bd.*, 16 Cal. 4th 761, 779 (1997) (citing exceptions to the general rule against splitting claims); *Westlake Cmty. Hosp. v. Superior Court*, 17 Cal. 3d 465, 484 (1976) (requiring mandamus review prior to institution of a tort action for denial of medical staff privileges); *Hollywood Circle, Inc. v. Dep't of Alcoholic Beverage Control*, 55 Cal. 2d 728, 733 (1961) (holding that judgments on the merits in mandamus proceedings have issue preclusive effect). Thus, if we needed to determine the claim preclusion impact of mandamus

-1-

denials under California law, we would probably have to go en banc to reconcile *Gallagher* with *Takahashi* and *Manufactured Home*—or, perhaps better, certify the question, which is a recurring one, to the California Supreme Court.

I would not, however, take that course in this case, as I do not believe there would be claim preclusive effect even if California's usual "primary rights" test for claim preclusion were applicable. It is facile to define the injury Wolin suffered as the denial of a promotion, and to characterize her claims in the state and federal proceedings as merely two different theories as to why that denial was wrongful: first, because it violated the terms of a consent decree, and second, because it resulted from the employer's discrimination against Wolin on the basis of her sex. While, "under the primary rights theory, the determinative factor is the harm suffered," *Boeken v. Philip Morris USA, Inc*., 48 Cal. 4th 788, 798 (2010), the same wrongful conduct can violate different primary rights, *see Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd.*, 110 Cal. App. 4th 1161, 1170–72 (2003) (holding that a claim for workers' compensation benefits and a tort action for damages do not involve the same primary right). If we follow the California Supreme Court's definition of a "cause of action" as the primary right *and* the breach of the corresponding duty, taken together, *Boeken*, 48 Cal. 4th at 792, then the causes of action in Wolin's state and federal court proceedings are not the

-2-

same. In one action, the duty allegedly breached by the LAPD was the duty to comply with the hiring targets identified in the Hunter-LALEA consent decree; in the other, it was the duty not to discriminate against an individual employee on the basis of her sex. Put another way, the harm suffered in the first instance was the harm of breach of promise, while the harm suffered in the second instance was the indignity of discrimination.

In *Takahashi*, the duty at issue in the plaintiff's state court action subsumed the duty at issue in her federal action: her mandamus action concerned the employer's obligation not to terminate her without cause, while her § 1983 action concerned the obligation not to terminate her because of her sex and ethnic origin. 783 F.2d at 849. The latter duty is just a more specific obligation within the former duty, in that an individual's sex or ethnic origin can never be *cause* for termination. Here, however, the settlement agreement allegedly breached ostensibly provided for promotion of individual women who had never been discriminated against, and so did not encompass the right to equal protection, which is the basis of Wolin's § 1983 action.

While the LAPD might not have had an affirmative duty under the Hunter-LALEA consent decree to promote Wolin on account of her sex, it had a duty not to deny her a promotion for which she was otherwise qualified on account of her

sex. These duties are different, as are the primary rights invoked.

Because Wolin alleged the violation of different primary rights in the mandamus action and in this case, I would reverse the holding to the contrary and remand the case.